[No. B142502. Second Dist., Div. Four. Nov. 14, 2002.]

TOPANGA AND VICTORY PARTNERS, LLP, Plaintiff and Appellant, v.
NICHOLAS J. TOGHIA, Defendant and Respondent.

**COUNSEL**

Hamburg, Hanover, Edwards & Martin, John D. Hanover, Gregg A. Martin, David M. Almaraz; Liner Yankelevitz Sunshine & Regenstreif and John D. Hanover for Plaintiff and Appellant.

Gerald J. Miller for Defendant and Respondent.

## OPINION

### VOGEL (C. S.), P. J.—

#### INTRODUCTION

The issue presented by this appeal is whether a defendant who is not a party to a contract but is sued for breach of that contract and various related tort and statutory causes of action may recover attorney fees incurred in defending the noncontract causes of action if the plaintiff files a voluntary dismissal with prejudice. We hold that he cannot.

#### BACKGROUND OF THE CASE

Appellant Topanga and Victory Partners, LLP (Topanga) and two other plaintiffs filed a complaint against Omni Medical Centers, Inc. (Omni) alleging breach of contract, tort-related claims for violation of the federal Racketeer Influenced and Corrupt Organizations Act (RICO) (18 U.S.C. § 1961 et seq.), negligence, unfair competition, and money had and received. The complaint alleged that respondent Nicholas J. Toghia, in his individual capacity as shareholder, corporate officer, and as an alter ego of Omni, is liable on all of the grounds alleged in the complaint. Toghia demurred to the complaint on the grounds that Topanga failed to allege the elements required for a RICO claim and that he was not a party to the lease agreement underlying the contract cause of action. The demurrer was overruled and Toghia filed an answer.

On February 3, 2000, trial commenced. Following opening statements and two days of testimony, Topanga informed the trial court that all of the parties, except Toghia, had entered into a final settlement agreement thus concluding the proceedings. The settlement agreement included a specific provision for a dismissal with prejudice of Toghia. Toghia's counsel explicitly stated on the record that, "Mr. Toghia is not a party to [the settlement agreement]. . . . He never made a request that it be settled. He did not make a demand." The record clearly establishes that Toghia was not a party to the settlement agreement and never bargained for, solicited, or otherwise requested such dismissal.

Toghia filed a motion for costs and attorney fees in the amount of $149,885.87 based on the underlying lease/contract that provides in relevant part: "If either Landlord [here, Topanga] or Tenant [here, Omni and, allegedly, Toghia as Omni's alter ego] commences or engages in, or threatens to commence or engage in, any action or litigation or arbitration against the

other party arising out of or in connection with the Lease, the Premises or the Building or the Property, including but not limited to, any action for recovery of any payment owed by either party under the Lease, or to recover possession of the Premises, or for damages for breach of the Lease, the prevailing party shall be entitled to have and recover from the losing party reasonable attorneys' fees and other costs incurred in connection with the action and in preparation for said action. If Landlord becomes involved in any litigation or dispute, threatened or actual, by or against anyone not a party to the Lease, but arising by reason of or related to any act or omission of Tenant or Tenant's Employees, Tenant agrees to pay Landlord's reasonable attorneys' fees and other costs incurred in connection with the litigation or dispute regardless of whether a lawsuit is actually filed."

Toghia applied for attorney fees for defending the RICO and tort causes of action pursuant to Civil Code section 1717. Toghia, however, did not request attorney fees incurred for defending the contract cause of action because section 1717, subdivision (b)(2) effectively precludes any award of attorney fees by providing there is no prevailing party when, as here, the contract cause of action is voluntarily dismissed. The trial court granted Toghia's motion relying on *Santisas v. Goodin* (1998) 17 Cal.4th 599 [71 Cal.Rptr.2d 830, 951 P.2d 399] (*Santisas*) and awarded him $134,885.87. Topanga now appeals from the award of attorney fees and costs.[1] We conclude the trial court's reliance on *Santisas* is misplaced. Toghia is not entitled to recover the attorney fees he incurred with respect to any of the alleged causes of action.

DISCUSSION

*Standard of Review*

The issues presented by this appeal involve statutory and case law respecting an award of attorney fees. We, therefore, review the matter as a

[1]The underlying action from which this appeal arises is more complex than the summary indicates. A complaint alleging 22 causes of action was filed by three entities, including Topanga, which leased property to Omni. Along with Omni, 17 other defendants were sued in their capacities as officers, directors, employees, agents, contractors, or other persons associated with Omni. The essential nature of the plaintiffs' claim is that Omni would enter into leases that included an arbitration provision designating Southern California Arbitration Association (SCAA) as the arbitrator and, further, Omni controlled SCAA. Omni then created artificial disputes with the plaintiffs regarding tenant improvements to be installed or constructed by entities also controlled by Omni. Such disputes were submitted to SCAA for determination with unfavorable and unfair results for the plaintiffs. In this opinion we address only the factual matters directly germane to the issue on appeal. However, it is relevant to the amount of attorney fees claimed to recognize the full scope of the claims asserted and the potential and actual complexities this lawsuit entailed.

pure question of law. (*Silver v. Boatwright Home Inspection, Inc.* (2002) 97 Cal.App.4th 443, 448 [118 Cal.Rptr.2d 475].) There are no relevant evidentiary disputes and the determination of the trial court did not require an exercise of discretion. Consequently, this appeal does not involve the resolution of disputed facts, and is subject to the appellate court's de novo review. (Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2001) ¶ 8:106, p. 8-52 (rev. # 1, 2001).)

*The Issue*

Toghia's claim for attorney fees is based on the following provision of Civil Code section 1717:[2] "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs." (§ 1717, subd. (a).)

■ Only in an action on a contract does section 1717 provide mutuality of remedy when the contract includes a provision for the recovery of attorney fees as costs. It is applied where an otherwise unilateral right to recover attorney fees is not reciprocal, ensuring mutuality of remedy so that attorney fees may be awarded to whichever contracting party prevails. It is also applied where a party is sued on a contract providing for an award of attorney fees to which he is not a party. "To ensure mutuality of remedy in this situation, it has been consistently held that when a party litigant prevails in an action on a contract by establishing that the contract is invalid, inapplicable, unenforceable, or nonexistent, section 1717 permits that party's recovery of attorney fees whenever the opposing parties would have been entitled to attorney fees under the contract had they prevailed. (See, e.g., *Reynolds Metals Co.* v. *Alperson* (1979) 25 Cal.3d 124, 128-129 [158 Cal.Rptr. 1, 599 P.2d 83] . . . .)" (*Santisas, supra,* 17 Cal.4th 599, 611.) ■ Toghia's claim for attorney fees is predicated on this last recited application of section 1717, which applies to a person sued on a contract he did not sign.

Toghia acknowledges that recovery of attorney fees on the contract action is not allowed. "Where an action has been voluntarily dismissed or dismissed pursuant to a settlement of the case, there shall be no party prevailing on the contract for purposes of this section." (§ 1717, subd. (b)(2).) He

---

[2]Civil Code section 1717 and any relevant subdivision will hereinafter be referred to as section 1717 unless otherwise indicated.

contends, however, that the Supreme Court's decisions in *International Industries, Inc. v. Olen* (1978) 21 Cal.3d 218 [145 Cal.Rptr. 691, 577 P.2d 1031] (*Olen*) and *Santisas, supra,* 17 Cal.4th 599, support his claim for recovery of attorney fees incurred for the defense of the noncontract causes of action even though the entire action was dismissed with prejudice.

## Olen

*Olen* concerned two actions to enforce a sublease containing a provision for attorney fees incurred by the sublessor to enforce a sublease. The sublessor filed an action to recover rent and another action for unlawful detainer. The sublessee vacated the leased premises and the sublessor relet the premises to another tenant. The sublessor then dismissed both actions. The sublessee then moved for an award of costs, including attorney fees, based on section 1717. "As it then read, section 1717 authorized recovery of attorney fees to the 'prevailing party' in ' "any action on a contract, where such contract specifically provides that attorney's fees and costs, which are incurred to enforce the provisions of such contract, shall be awarded to one of the parties . . . ." ' [Citation.] But section 1717 then defined 'prevailing party' simply as ' "the party in whose favor a final judgment is rendered." ' " (*Santisas, supra,* 17 Cal.4th at p. 612.)

The *Olen* court held that section 1717 attorney fees could not be awarded where the action was voluntarily dismissed before trial because there was no judgment rendered in favor of the sublessee. The court reasoned that "rendition" was a judicial act whereas a dismissal is a nonjudicial act performed by the clerk and does not determine the rights of the parties. (*Olen, supra,* 21 Cal.3d at p. 222.) The court further concluded that equitable principles govern the application of section 1717 and rejected any rule that automatically permits recovery of fees when a plaintiff has voluntarily dismissed the action before trial. "In pretrial dismissal cases, we are faced with a Hobson's choice of either (1) adopting an automatic right to attorney fees, thereby encouraging the maintenance of pointless litigation and violating the equitable principles which should govern attorney fee clauses, (2) providing for application of equitable considerations, requiring use of scarce judicial resources for trial of the merits of dismissed actions, or (3) continuing the former rule, denying attorney fees in spite of agreement. We are satisfied that concern for the efficient and equitable administration of justice requires that the parties in pretrial dismissal cases be left to bear their own attorney fees, whether claim is asserted on the basis of the contract or section 1717's reciprocal right." (*Olen, supra,* 21 Cal.3d at p. 225.)

In 1981, the Legislature amended section 1717, codifying *Olen*'s holding that a voluntary dismissal precludes recovery of attorney fees in a contract

action, but did not limit this exclusion to pretrial dismissal cases. In its present form section 1717, subdivision (b)(2) reads: "Where an action has been voluntarily dismissed or dismissed pursuant to a settlement of the case, there shall be no party prevailing on the contract for purposes of this section."[3]

## Santisas

In *Santisas,* the plaintiffs purchased a home from the defendants pursuant to a written purchase agreement and deposit receipt. The agreement included an inclusive provision for the award of attorney fees as follows: " 'In the event legal action is instituted by the Broker(s), or any party to this agreement, or arising out of the execution of this agreement of the sale, or to collect commissions, the prevailing party shall be entitled to receive from the other party a reasonable attorney fee to be determined by the court in which such action is brought.' " (*Santisas, supra,* 17 Cal.4th at p. 607.) The fact that the buyer plaintiffs and seller defendants signed the purchase agreement was uncontested.

After the consummation of the sale, the buyer plaintiffs filed a lawsuit against the seller defendants based on allegations that the house was defective and they sought recovery of both general and exemplary damages.[4] The complaint alleged causes of action for breach of contract and various tort claims including negligence and deceit. The seller defendants answered, but prior to trial the plaintiffs voluntarily dismissed the action with prejudice. The seller defendants moved to recover their attorney fees as costs under Code of Civil Procedure sections 1021, 1032, and 1033.5 pursuant to the attorney fee provision of the purchase agreement. The plaintiff buyers opposed the motion on the ground that section 1717 and *Olen* precluded any recovery of attorney fees where an action is voluntarily dismissed. The court concluded that section 1717, subdivision (b)(2) barred an award of any attorney fees incurred in defending the contract claims, but held that "neither Civil Code section 1717 nor *Olen, supra,* 21 Cal.3d 218, bars recovery of

---

[3]Toghia proffers the argument that because the matter proceeded to trial for two days, the dismissal was ineffective to bar his recovery of attorney fees for the contract cause of action. He reasons that the holding in *Olen* turned on a "pretrial dismissal" as a bar to recovery of section 1717 attorney fees. This ignores the 1981 amendment, which does not provide a temporal limitation of a voluntarily dismissal. In other words, section 1717, subdivision (b)(2) bars recovery of section 1717 attorney fees regardless of when the dismissal is filed.

[4]The seller defendants in *Santisas* included the sellers, their real estate broker, and the broker's attorney. This difference was of no consequence because it was conceded that all the parties entered into a written agreement that provided for reasonable attorney fees to the prevailing party to be determined by the court. (*Santisas, supra,* 17 Cal.4th at pp. 603-604.)

attorney fees incurred in defending tort or other noncontract claims. Whether attorney fees incurred in defending tort or other noncontract claims are recoverable after a pretrial dismissal depends upon the terms of the contractual attorney fee provision." (*Santisas, supra,* 17 Cal.4th at p. 602.)

The Supreme Court considered the request for attorney fees as a claim made pursuant to a contract signed by *both* the plaintiffs and the defendants. "Whether a party to litigation is entitled to recover costs is governed by Code of Civil Procedure section 1032, which provides, in subdivision (b), that 'except as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding.' For the purpose of determining entitlement to recover costs, Code of Civil Procedure section 1032 defines 'prevailing party' as including, among others, 'a defendant in whose favor a dismissal is entered.' (Code Civ. Proc., § 1032, subd. (a)(4).) [¶] Because plaintiffs voluntarily dismissed this action with prejudice, the seller defendants are defendants in whose favor a dismissal has been entered. Accordingly, they are 'prevailing parties' within the meaning of Code of Civil Procedure section 1032, subdivision (b), and are 'entitled as a matter of right to recover costs' unless another statute expressly provides otherwise." (*Santisas, supra,* 17 Cal.4th at p. 606.)

The court held the seller defendants were entitled under the terms of the attorney fees provision of the contract between the parties to the recovery of attorney fees as the prevailing parties on the tort causes of action claim, but the recovery of attorney fees on the contract cause of action was barred by section 1717, subdivision (b)(2). The significant point of the decision in *Santisas* is that the claims for attorney fees were based on the terms of a written contract entered into by the parties. Therefore, the application of section 1717 applies only to breach of contract actions and does not apply to tort causes of action.

### Application

Toghia was not a party to the contract underlying the breach of contract cause of action and cannot rely on Code of Civil Procedure section 1033.5, subdivision (a)(10)(A), authorizing an award of attorney fees as costs pursuant to a contract between the parties. He asserts that because section 1717 is applicable to his claim for attorney fees, he is entitled to recover attorney fees incurred in defending the tort causes of action, as did the defendants in *Santisas*. We disagree. As we discuss *post*, Toghia misapprehends the application of section 1717 and fails to distinguish between it and

contracts within operation of the award of costs as provided in Code of Civil Procedure section 1033.5.

Toghia argues that attorney fees are recoverable whenever a party is sued without regard to the theory of the action. He claims that *Hsu v. Abbara* (1995) 9 Cal.4th 863 [39 Cal.Rptr.2d 824, 891 P.2d 804] supports that conclusion. We disagree. The only question resolved in *Hsu* was whether the trial court abused its discretion when it determined there was no prevailing party even though the defendant obtained a simple, unqualified victory by defeating the only contract claim in the action. Toghia, however, invokes *Hsu* in support of his claim for attorney fees pursuant to section 1717 for the tort causes of action. In fact, *Hsu* specifically recognizes that section 1717 applies only to an action on a contract. "It is now settled that a party is entitled to attorney fees under section 1717 'even when the party prevails on grounds the *contract* is inapplicable, invalid, unenforceable, or nonexistent, if the other party would have been entitled to attorney's fees had it prevailed.' [Citations.] [¶] This rule serves to effectuate the purpose underlying section 1717. As this court has explained, '[s]ection 1717 was enacted to establish mutuality of remedy where [a] *contractual provision* makes recovery of attorney's fees available for only one party [citations], and to prevent oppressive use of one-sided attorney's fees provisions. [Citation.]' [Citations.] The statute would fall short of this goal of full mutuality of remedy if its benefits were denied to parties who defeat *contract claims* by proving that they were not parties to the alleged *contract* or that it was never formed. To achieve its goal, the statute generally must apply in favor of the party prevailing on a *contract claim* whenever that party would have been liable under the contract for attorney fees had the other party prevailed." (*Id.* at pp. 870-871, italics added.) *Hsu* fails to provide any support for Toghia's contention that attorney fees may be awarded when incurred to defend the tort causes of action.

Similarly, Toghia's other citations do not support his claim for attorney fees. For example, he claims *Jones v. Drain* (1983) 149 Cal.App.3d 484 [196 Cal.Rptr. 827] stands for the proposition that attorney fees are recoverable despite the fact that the contract has been rescinded. In that case, the trial court found, as a matter of law, no contract existed and it denied the defendants request for attorney fees. Defendants appealed. Reversing, the appellate court held: "The courts have consistently held that the award of Civil Code section 1717 contractual attorney's fees is to be governed by equitable principles. [Citations.] We believe that it is extraordinarily inequitable to deny a party who successfully defends an action on a contract, which claims attorney's fees, the right to recover its attorney's fees and costs

simply because the party initiating the case has filed a frivolous lawsuit. As a consequence, we find that a prevailing defendant sued for breach of contract containing an attorney's fees provision and having had to defend the contract cause of action is entitled to recover its own attorney's fees and costs therefor, even though the trial court finds no contract existed." (*Id.* at pp. 489-490.) Again, the application of section 1717 is limited to an action on contract. Nothing in the opinion supports Toghia's claim for attorney fees incurred for the defense of noncontract causes of action.

Toghia cites other cases concerning contract actions against individuals who were not signatories. Rather than reviewing each to demonstrate that it is inapplicable, we turn to the California Supreme Court's definitive seminal authority, *Reynolds Metals Co. v. Alperson, supra,* 25 Cal.3d 124. There, the plaintiff sued the shareholders and directors of a bankrupt corporate entity to which it had extended credit, part of which was evidenced by two promissory notes that included a provision for the recovery of attorney fees. The plaintiff pursued the action against the defendants as alter egos of the corporation. The plaintiff did not prevail on its alter ego theory and defendants were absolved of any liability to the plaintiff. The trial court awarded defendant attorney fees as the prevailing parties. An appeal was taken and the award was affirmed.

▇ *Reynolds Metals* is on point and instructive in two respects. First, it recites section 1717 with italics to emphasize its application to " '[an] action on a contract' " and then explains that the statute is unclear whether the term "parties" refers to signatories or to the litigants. (*Reynolds Metals Co. v. Alperson, supra,* 25 Cal.3d at p. 128.) In pertinent part, the court holds: "Its purposes require section 1717 be interpreted to further provide a reciprocal remedy for a nonsignatory defendant, sued on a contract as if he were a party to it, when a plaintiff would clearly be entitled to attorney's fees should he prevail in enforcing the contractual obligation against the defendant." (*Ibid.*) Undisputedly, the state's high court views the application of section 1717 is restricted to actions on contracts.

In addition, *Reynolds Metals* specifically holds: "Where a cause of action based on the contract providing for attorney's fees is joined with other causes of action beyond the contract, the prevailing party may recover attorney's fees under section 1717 only as they relate to the contract action. . . . A litigant may not increase his recovery of attorney's fees by joining a cause of action in which attorney's fees are not recoverable to one in which an award is proper. In this case, the two promissory notes contained contract provisions for attorney's fees, but no such provision existed in the

general line consignment agreement. Accordingly, attorney's fees incurred solely for defending causes of action based on the latter agreement and defending against the tort causes of action are not recoverable." (*Reynolds Metals Co. v. Alperson, supra,* 25 Cal.3d at p. 129.)

*Reynolds* is reaffirmed in *Santisas*: "The operative language of section 1717 states that it applies 'in *any action on a contract,* where the contract specifically provides that attorney's fees and costs, which are incurred *to enforce that contract,* shall be awarded either to one of the parties or to the prevailing party . . . .' (§ 1717, subd. (a), italics added.) Consistent with this language, this court has held that section 1717 applies only to actions that contain at least one contract claim. [Citations.] If an action asserts both contract and tort or other noncontract claims, section 1717 applies only to attorney fees incurred to litigate the contract claims." (*Santisas, supra,* 17 Cal.4th at p. 615.) ▆▆ Toghia simply misconstrues the application of section 1717 to apply to noncontract causes of action. In this case, Toghia was sued on a contract to which he was not a party and is entitled to section 1717 as applied in *Reynolds Metals Co. v. Alperson, supra,* 25 Cal.3d 124, but is denied that relief because the action was voluntarily dismissed. (§ 1717, subd. (b)(2).) He, however, is not in the same position as the defendants in *Santisas,* who were also denied attorney fees incurred in the defense of the contract action based on section 1717, subdivision (b)(2), but were awarded attorney fees incurred to defend the noncontract causes because they were signatories to the underlying contract providing for attorney fees. Toghia cannot recover attorney fees under that contract and claim to be the prevailing party pursuant to Code of Civil Procedure section 1032, subdivision (a)(4) because he simply was not a party to that contract. No application of section 1717 or case authority on which Toghia relies changes this result.

Furthermore, Toghia's claim that he was actually the prevailing party because he achieved all of his litigation objectives is unavailing. The exercise of determining who was the prevailing party only occurs with respect to the parties who are signatories to a contract that provides for attorney fees. ▆▆ "[U]nder *Santisas,* when a trial court is presented with a contractual claim for attorney's fees by a defendant who has been voluntarily dismissed from a suit prior to trial, the court must deny such fees as are limited to the parties' *contract* claims. Regarding the *noncontract* claims, the court must look to the parties' contractual attorney's fees provision to determine if it defines who is a prevailing party or addresses voluntary pretrial dismissals. If the contract does not provide such guidance, the court must utilize its discretion in determining whether such defendant should be considered a

prevailing party for the purpose of recovering attorney's fees as costs under [Code of Civil Procedure] sections 1032 and 1033.5. In exercising that discretion, the court may consider the reason for the dismissal, including whether the parties have reached their litigation objectives by settlement, judgment, or other means." (*Silver v. Boatwright Home Inspection, Inc., supra,* 97 Cal.App.4th 443, 452.) It is explicitly clear that this approach is applicable only where there is a broad contractual provision for attorney fees between parties, not dependent on the application of section 1717. Accordingly, Toghia's argument that he is actually the prevailing party is irrelevant since he was not a party to the underlying contract.

Toghia finally contends that Topanga is judicially estopped from denying recovery of his attorney fees based on *International Billing Services, Inc. v. Emigh* (2000) 84 Cal.App.4th 1175 [101 Cal.Rptr.2d 532]. There, the defendants were former employees of the plaintiff, International Billing Services, Inc., and signatories to a confidentiality agreement that provided among other things that the employee defendants agree " 'not to disclose or divulge any Confidential Information, by publication or otherwise, to any person or entity. You [the employee] promise to reimburse Company [the employer] for any legal fees, liability, or loss which Company incurs as a result of any unauthorized disclosure or use of Confidential Information by You.' " (*Id.* at p. 1180.)

The employees were sued on the contract, and for unfair competition, breach of fiduciary duty, and intentional torts. The employees prevailed and applied for and were awarded attorney fees pursuant to the quoted terms of the contract. The issue presented on appeal was whether this unusual contractual provision was one for the award of attorney fees or a form of an indemnity agreement. The appellate court disposed of the issue by looking at how the parties treated the provision, a common approach for the interpretation of ambiguous agreements. Based on the fact that *International* applied and prayed for attorney's fees and argued in its papers that a breach of the agreement allowed for the award of attorney fees, the appellate court concluded that "the trial court properly interpreted the provision to specifically provide for fees incurred to enforce the contract." (*International Billing Services, Inc. v. Emigh, supra,* 84 Cal.App.4th at p. 1186.) The appellate court's extended discussion concerning the application of judicial estoppel (*id.* at pp. 1186-1187) was unnecessary dictum as pointed out by the concurring opinion. (*Id.* at pp. 1196-1198.)

Moreover, even if some form of estoppel applied here, it would only inure to Toghia's benefit to the extent that would afford him the right to claim

attorney fees pursuant to section 1717. That hardly advances his position as section 1717, subdivision (b)(2) forecloses any such recovery. Toghia's reliance on *International Billing Services* is simply unavailing.

## DISPOSITION

The order of the trial court awarding Toghia attorney fees is reversed. Appellant to recover its costs on appeal.

Epstein, J., and Hastings, J., concurred.

A petition for a rehearing was denied December 11, 2002, and the opinion was modified to read as printed above. Respondent's petition for review by the Supreme Court was denied February 19, 2003.