[No. C056319. Third Dist. Aug. 26, 2008.]

PUAOLELE IEREMIA, Plaintiff and Respondent, v.
HILMAR UNIFIED SCHOOL DISTRICT et al., Defendants and Appellants.

**COUNSEL**

McCormick, Barstow, Sheppard, Wayte & Carruth and Jeffrey R. Olson for Defendants and Appellants.

Lawrance A. Bohm and Gregory R. Davenport for Plaintiff and Respondent.

**OPINION**

**CANTIL-SAKAUYE, J.**—This case concerns the definition of an owner as used in Proposition 213 and Civil Code section 3333.4, subdivision (a)(2) (section 3333.4(a)(2)), for purposes of noneconomic damages. After a jury trial, plaintiff Puaolele Ieremia was awarded $128,145 in economic damages and $1.9 million in noneconomic damages for personal injuries she suffered in a motor vehicle accident. Defendants Dick Wyatt Piersma and Hilmar Unified School District claim on appeal the trial court erred in allowing plaintiff to obtain an award of noneconomic damages at trial. Defendants contend section 3333.4(a)(2) precluded plaintiff's recovery of such damages because she was an owner of the uninsured vehicle in which she was a passenger at the time of the accident. We shall affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In September 2004, plaintiff and her husband Roy Ieremia were involved in a motor vehicle accident caused by the negligence of defendants.[1] Defendants asserted section 3333.4(a)(2) limited plaintiff's recovery to economic damages.

In 1996, Proposition 213, a voter initiative measure, added section 3333.4.[2] Section 3333.4 provides, in relevant part: "(a) . . . [I]n any action to recover damages arising out of the operation or use of a motor vehicle, a person shall not recover non-economic losses to compensate for pain, suffering, inconvenience, physical impairment, disfigurement, and other nonpecuniary damages

---

[1] Roy Ieremia was a named plaintiff in the personal injury complaint filed against defendants, but his action was dismissed prior to trial. The case proceeded to trial with only Puaolele Ieremia as plaintiff and we shall refer to her as plaintiff in this opinion. We shall refer to her husband as Roy.

[2] References in this opinion to Proposition 213 are to section 3333.4.

if any of the following applies: [¶] . . . [¶] (2) The injured person was the owner of a vehicle involved in the accident and the vehicle was not insured as required by the financial responsibility laws of this state." It was undisputed plaintiff was a passenger in an uninsured Dodge Durango driven by her husband Roy at the time of the accident. The disputed question was whether she was an "owner" of such vehicle under section 3333.4(a)(2).

The parties waived a jury trial on this issue and stipulated to a set of undisputed facts for the trial court to consider in deciding whether plaintiff was an owner of the Durango.

The stipulated facts establish plaintiff and Roy were married in 1992 and have remained married ever since. In 2003 Roy began working at CSI, a moving and furniture installation business. Roy would normally go to his sister's home in Stockton where he would get a ride with his family or others to and from his work at CSI.

Over the course of several months in 2004, Roy made installment payments out of his earnings from CSI to pay $6,000 for the purchase of a Dodge Durango from Jesse Mauga, his boss at CSI. Roy was given the keys to and full possession of the Durango when he started making payments in March or April 2004. Thereafter he was the exclusive driver of the Durango, which he drove to and from work from his sister's home. In June 2004, Jesse Mauga and his wife submitted a notice of transfer and release of liability to the Department of Motor Vehicles reflecting the sale of the Durango to Roy. Roy made the final payment for the purchase of the Durango a few weeks before the accident in September 2004. After he made the final payment, he asked Mauga for the pink slip on the Durango. Mauga intended on giving Roy the pink slip, but had not gotten around to it before the day of the accident. At the time of the accident, neither Roy nor plaintiff was on the title to the Durango.

Plaintiff did not know Roy had purchased the Durango using their community funds. She did not know he was using it to get to and from work from his sister's home. She never had possession of the keys to the car. She never drove the car. Roy brought the Durango home for the first time a day or two before the accident. It was plaintiff's understanding from Roy that his boss had lent him the car so that plaintiff and Roy could make a trip to a casino, which was apparently where they were headed when the accident occurred. The first time plaintiff had ever been in the Durango was the day she and Roy headed to the casino.

The trial court found plaintiff was not an owner of the Durango for the purposes of Proposition 213.

Defendants challenge the propriety of the subsequent jury award of $1.9 million in noneconomic damages.

## DISCUSSION

### I.

### <u>Standard of Review</u>

■ "Vehicle ownership is a fact question for the jury to determine in light of all the circumstances." (*Savnik v. Hall* (1999) 74 Cal.App.4th 733, 742 [88 Cal.Rptr.2d 417] (*Savnik*); see *Kaley v. Catalina Yachts* (1986) 187 Cal.App.3d 1187, 1198 [232 Cal.Rptr. 384].) Here the parties waived a jury and submitted the matter on the basis of stipulated facts. The trial court ruled plaintiff was not an owner for purposes of Proposition 213. As such, plaintiff was entitled to recover noneconomic damages.

Defendants ask us to review the trial court's ruling using an independent, de novo standard of review. They contend such standard of review is appropriate because the case involves the interpretation of a statute and the application of such statute to undisputed facts. (*People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 432 [101 Cal.Rptr.2d 200, 11 P.3d 956] [interpretation of statute is question of law resolved de novo]; *International Engine Parts, Inc. v. Feddersen & Co.* (1995) 9 Cal.4th 606, 611 [38 Cal.Rptr.2d 150, 888 P.2d 1279] [application of statute of limitations to undisputed facts is question of law]; *Ghirardo v. Antonioli* (1994) 8 Cal.4th 791, 799 [35 Cal.Rptr.2d 418, 883 P.2d 960] [when decisive facts are undisputed, matter is question of law subject to independent review]; *Topanga & Victory Partners v. Toghia* (2002) 103 Cal.App.4th 775, 779–780 [127 Cal.Rptr.2d 104] [application of statutory and case law is question of law].)

Plaintiff argues that while the underlying facts were stipulated, the ultimate question of ownership was still a disputed factual question that we should review under the usual substantial evidence standard. (*Winograd v. American Broadcasting Co.* (1998) 68 Cal.App.4th 624, 632 [80 Cal.Rptr.2d 378].)

In light of our conclusion that plaintiff was not an owner of the Durango as a matter of law on the stipulated facts, we need not resolve the standard of review that would otherwise be applicable.

## II.

### Plaintiff Was Not an Owner of the Durango at the Time of the Accident

█ Section 3333.4 bars recovery of noneconomic damages if the person injured in the motor vehicle accident "was the *owner* of a vehicle involved in the accident and the vehicle was not insured . . . ." (§ 3333.4, subd. (a)(2), italics added.) The statute does not define the term "owner." However, this court has previously considered its meaning in *Savnik, supra,* 74 Cal.App.4th 733, 739–743.

In *Savnik,* a boyfriend and his girlfriend sued for personal injury damages after they were involved in a motor vehicle accident with defendant Hall. (*Savnik, supra,* 74 Cal.App.4th at p. 735.) At the time of the accident, the boyfriend was driving an uninsured vehicle he had acquired with his own money the previous summer; the girlfriend was a passenger. The girlfriend had never driven the boyfriend's vehicle and had her own vehicle. Unbeknownst to her, her boyfriend had listed her name with the Department of Motor Vehicles (DMV) as a registered owner. The boyfriend said he chose to register the vehicle in both their names because they "were getting together, and . . . [he] did it out of the goodness of [his] heart," but he did not inform her of his decision and she signed no registration paperwork. (*Id.* at p. 737.) The jury made a special finding that the girlfriend was not an owner of the boyfriend's vehicle and awarded her both economic and noneconomic damages. (*Id.* at p. 737.) The defendant filed a motion for judgment notwithstanding the verdict, requesting that the trial court rescind the noneconomic damage component of the award based on section 3333.4. When the trial court denied the motion, defendant appealed. (*Savnik, supra,* at pp. 735, 737.)

On appeal, we affirmed the trial court and rejected the claim that the girlfriend was an owner of the boyfriend's vehicle as a matter of law because she was a registered owner of the vehicle. (*Savnik, supra,* 74 Cal.App.4th at p. 740.) Referencing the definition of "owner" provided by Vehicle Code section 460,[3] we gave the word "owner" in section 3333.4 "its established

---

[3] As pertinent, Vehicle Code section 460 provides: "An 'owner' is a person having all the incidents of ownership, including the legal title of a vehicle . . . ."

legal meaning, i.e., one who has the incidents of ownership, including legal title." (*Savnik, supra,* at p. 740.) We noted "[t]his definition also happens to correspond with the ordinary meaning of the word in the everyday world. An 'owner' is one who exercises the incidents of ownership—dominion, control, right, interest, and title." (*Ibid.*) We rejected the argument that "owner" should be more broadly interpreted to include those who are simply registered owners, as being inconsistent with the purpose of Proposition 213 to limit recovery of noneconomic damages for those drivers that " 'break the law' " and " 'choose to directly defy' " the current state of the law. (*Savnik, supra,* at pp. 741–742, italics omitted, quoting *Yoshioka v. Superior Court* (1997) 58 Cal.App.4th 972, 991, 993 [68 Cal.Rptr.2d 553].) We suggested this purpose "of deterring willful defiance of the mandatory insurance requirement imports a scienter requirement, i.e., that the penalty on recovery is meted out to those who *knowingly* break the law." (*Savnik, supra,* at p. 742.) We refused to frustrate such purpose by adopting an interpretation of "owner" that included "persons showing up on DMV registration records without regard for the other incidents of ownership." (*Ibid.*) We concluded the trial court had properly submitted the question of ownership to the jury and that the jury's special verdict finding the girlfriend was not an owner was "abundantly supported." (*Id.* at pp. 742–743.)

Defendants claim *Savnik* is not controlling here. They contend "*Savnik* stands for the proposition that, as between strangers, one cannot become the owner of a vehicle by someone secretly placing that person's name on the registration certificate. More evidence of the incidents of ownership is required." In contrast, this case involves spouses. Defendants contend that between spouses, "[a]ll that is required is the purchase of the vehicle during marriage with community property funds." Defendants argue that both Roy and plaintiff are owners of the Durango because Roy purchased it with his earnings, making it community property (Fam. Code, § 760), that he and plaintiff both have "present, existing, and equal interests" (Fam. Code, § 751) in the vehicle, and that they have equal management and control over it. (Fam. Code, § 1100, subd. (a).) Essentially, defendants' claim is that a community property interest in a vehicle with its accompanying right of title and right to exercise management and control is sufficient to make a spouse an "owner" under section 3333.4(a)(2). Defendants argue this is so even if such spouse is unaware that community funds were used to purchase the property, unaware of his or her interest in the property, and unaware of his or her rights and obligations regarding the property. We disagree with these arguments.

██ There is no persuasive reason to limit the definition of "owner" adopted by *Savnik, supra,* 74 Cal.App.4th at page 740, for the purposes of Proposition 213 to the situation involving boyfriends and girlfriends or as

defendants put it—"strangers". The established legal meaning of "owner," generally corresponding to the ordinary meaning of the term (*Savnik, supra*, at p. 740), provides a useful yardstick for general use in Proposition 213 cases. An owner is a person having or exercising the incidents of ownership—dominion, control, right, interest, and title. (*Savnik, supra*, at p. 740.) For purposes of Proposition 213, it may not be necessary to have registered title under the Vehicle Code. (See *Everly v. Creech* (1956) 139 Cal.App.2d 651, 657 [294 P.2d 109].) It may not be necessary to have all the incidents of ownership in a given case. (See *Kaley v. Catalina Yachts, supra*, 187 Cal.App.3d at p. 1198.) All the relevant factors (incidents of ownership) must be considered and weighed in a case-by-case approach.

Such interpretation of the word "owner" in section 3333.4(a)(2) accords with the purposes of Proposition 213.[4] As we noted in *Savnik, supra*, 74 Cal.App.4th at page 742: "The purpose of Proposition 213 is to 'limit recovery of noneconomic damages for those drivers that break the law' thereby encouraging uninsured owners and motorists to purchase liability insurance and ensuring that 'law abiding citizens will no longer be required to carry the burden of paying for those citizens that *choose to directly defy the current state of the law*.' [Citation.]" Indeed, the declaration of purpose for Proposition 213 states in pertinent part, that "[u]ninsured motorists . . . are law breakers, and should not be rewarded for their irresponsibility and law breaking" by being able to recover noneconomic damages from law-abiding citizens. (Ballot Pamp., Gen. Elec. (Nov. 5, 1996) text of Prop. 213, § 2, subd. (a), p. 102 (Ballot Pamphlet).) The declaration of purpose further states: "Californians must change the system that rewards individuals who *fail to take essential personal responsibility* to prevent them from seeking unreasonable damages or from suing law-abiding citizens." (Ballot Pamp., *supra*, text of Prop. 213, § 2, subd. (b), p. 102, italics added.)

These purposes are also reflected in the ballot pamphlet arguments in favor of Proposition 213, which "evince a single-minded concern with the unlawful conduct of uninsured motorists who, at the expense of law-abiding citizens, could recover for noneconomic losses while *flouting* the financial responsibility laws." (*Horwich, supra*, 21 Cal.4th at p. 280, italics added; see *Hodges, supra*, 21 Cal.4th at pp. 116–117.)

---

[4] Where the language of a statute or initiative is unclear and subject to different plausible interpretations, as Proposition 213 has been found to be in parts (*Horwich v. Superior Court* (1999) 21 Cal.4th 272, 277 [87 Cal.Rptr.2d 222, 980 P.2d 927] (*Horwich*); *Hodges v. Superior Court* (1999) 21 Cal.4th 109, 113 [86 Cal.Rptr.2d 884, 980 P.2d 433] (*Hodges*)), we must consider in interpreting the language " 'the object to be achieved and the evil to be prevented by the legislation. [Citations.]' [Citation.]" (*Horwich, supra*, at p. 276.)

Considering the electorate's intended purposes, it would be anomalous to adopt a construction of the word "owner" in section 3333.4(a)(2) that would deprive a person of the right to noneconomic damages without regard to his or her individual culpability for the vehicle's uninsured status. We simply do not believe the voters intended Proposition 213 to be construed to apply to a spouse whose only incident of ownership in a vehicle is a community property interest of which he or she is completely unaware. Such a spouse had not failed to "take essential personal responsibility" for insuring the vehicle. (Ballot Pamp., *supra*, text of Prop. 213, § 2, subd. (b), p. 102.) Such spouse has not chosen to defy the financial responsibility law (*Savnik, supra,* 74 Cal.App.4th at p. 742) or flouted such law (*Horwich, supra,* 21 Cal.4th at p. 280).

█ It was undisputed in this case that plaintiff was entirely unaware of Roy's purchase of the Durango; believed the Durango belonged to Mauga who had lent it to Roy; never drove the Durango; never had the keys; never had seen the vehicle until Roy brought it home a day or two before the accident; and had never even ridden in the vehicle before the day of the accident. Thus, we conclude on these facts that as a matter of law plaintiff was not the "owner" of the Durango for purposes of Proposition 213.

Contrary to defendants' argument, our construction of the meaning of "owner" in section 3333.4(a)(2) does not lead inexorably to the conclusion that the Durango was Roy's separate property. We have not rejected its characterization as community property. We only conclude that plaintiff's unknowing possession of a community property interest is insufficient without more to make her an owner for the purposes of Proposition 213. "[O]wnership has different shades of meaning, depending on the context in which it appears and the circumstances in which it is used." (*Everly v. Creech, supra,* 139 Cal.App.2d at p. 657.) The fact that plaintiff does not own the Durango for purposes of Proposition 213 does not mean she does not own a community property interest in it for other purposes.

Nor do we accept defendants' argument that we are creating a knowledge exception to Proposition 213. We have construed the existing language of section 3333.4(a)(2) in light of the voters' expressed purposes and goals in adopting the initiative.

The trial court did not err in ruling plaintiff was not an owner of the Durango for the purposes of Proposition 213. Plaintiff may properly recover noneconomic damages in this case.

## DISPOSITION

The judgment is affirmed. Costs on appeal are awarded to respondent. (Cal. Rules of Court, rule 8.278(a)(1).)

Hull, Acting P. J., and Robie, J., concurred.

Appellants' petition for review by the Supreme Court was denied November 12, 2008, S167187.