[No. B239533. Second Dist., Div. Five. Dec. 5, 2012.]

GEMINI INSURANCE COMPANY, Plaintiff and Respondent, v. DELOS INSURANCE COMPANY, Defendant and Appellant.

**COUNSEL**

Goshgarian & Marshall, John A. Marshall and Merak Eskigian for Defendant and Appellant.

Charlston, Revich & Wollitz, Howard Wollitz and Lisa Kralik Hansen for Plaintiff and Respondent.

**OPINION**

**ARMSTRONG, J.**—Appellant Delos Insurance Company appeals from the judgment entered in favor of respondent Gemini Insurance Company after Gemini's motion for summary judgment was granted. We affirm.

## Summary

A restaurant's insurance policy included an additional insured endorsement which made the restaurant's landlord an additional insured with respect to the landlord's liability arising from the restaurant's acts undertaken in the course of the restaurant's operations on the leased premises. The insurance policy also had an exclusion for claims or suits between insureds.

The tenant negligently started a fire on the leased premises. The fire damaged the landlord's property, and the landlord sought to recover from the restaurant for the damages.

This case poses a single question: Was the tenant covered for the landlord's claim, or was coverage barred by the interinsured exclusion? In this opinion, we hold that the interinsured exclusion did not bar coverage for the landlord's claim against the tenant.

## Facts

Delos insured a restaurant called Bobby's Focsle and its owners, Helen and Bobby Boyett (hereafter Bobby's). Bobby's was located in the Loch Lomond Marina in San Rafael, and its landlord was San Rafael Marina, LLC, doing business as Loch Lomond Marina (hereafter Loch Lomond).

A fire at Bobby's caused damage to Loch Lomond's property, and to another business located in the marina, Arena Yacht. Both Arena Yacht and Loch Lomond were insured by Gemini for property damage.

Arena Yacht and Loch Lomond made claims on their property insurance. Gemini paid Arena Yacht $65,088 and paid Loch Lomond $288,259 for the damage caused by the fire, then filed an action in subrogation against Bobby's, alleging that Bobby's negligence caused the fire. Delos defended Bobby's in that action.

The case settled. Bobby's and Gemini entered into a stipulated judgment for the total which Gemini had paid to its insureds. Delos paid $65,088 of the judgment, that is, the amount Gemini paid to Arena Yacht. Gemini agreed that it would not execute against Bobby's for the remainder, and Delos and Gemini agreed to further litigate Delos's obligations.

To that end, Gemini filed this suit under Insurance Code section 11580, subdivision (b)(2), which authorizes an insured's judgment creditor to bring an action against the insurer.

Although the case was decided on summary judgment, there was never any question of disputed facts. Instead, stipulated facts were submitted to the trial court, and the parties agreed that there was only one issue, which involved interpretation of the Delos policy and was an issue of law.

This is the issue: Bobby's insurance did not provide coverage for any claim or suit brought by another insured. Delos's position was that Loch Lomond was an insured on Bobby's policy. Thus, Delos did not cover Bobby's for a claim by Loch Lomond for damage to Loch Lomond's property. Gemini's position was that Loch Lomond was not an insured under Bobby's Delos policy.

The trial court agreed with Gemini, finding that "pursuant to the plain language of the Delos policy, including the additional insured endorsement to the Delos policy, Loch Lomond was never an 'insured' under the Delos policy." The court entered judgment in Gemini's favor in the amount of $288,259, the amount Gemini had paid to Loch Lomond for the damage caused by the Bobby's fire.

## Discussion

This case turns on the interpretation of the Delos policy. As the parties agree, the issue is one of law and our review is de novo. (*Waller v. Truck Ins. Exchange, Inc.* (1995) 11 Cal.4th 1, 18 [44 Cal.Rptr.2d 370, 900 P.2d 619]; *Topanga and Victory Partners v. Toghia* (2002) 103 Cal.App.4th 775, 779–780 [127 Cal.Rptr.2d 104].)

■ The rules are well established. In interpreting an insurance policy, we follow the general rules of contract interpretation. We give effect to the mutual intention of the parties, determined, if possible, from the written provisions of the contract. The clear and explicit meaning of those provisions, interpreted in their ordinary and popular sense, controls. (*Topanga and Victory Partners v. Toghia, supra,* 103 Cal.App.4th at pp. 779–780.) "[E]xclusionary clauses are interpreted narrowly, whereas clauses identifying coverage are interpreted broadly." (*Garvey v. State Farm Fire & Casualty Co.* (1989) 48 Cal.3d 395, 406 [257 Cal.Rptr. 292, 770 P.2d 704].)[1]

---

[1] It has been said that the principle that insurance contracts are to be construed against the insurer does not apply to cases concerning only the respective liabilities among insurers (*Hartford Accident & Indemnity Co. v. Sequoia Ins. Co.* (1989) 211 Cal.App.3d 1285, 1300 [260 Cal.Rptr. 190]), but this action arises from a subrogation action, which was in essence a suit

Now, to the policy.

The interinsured claims and suits exclusion in Bobby's Delos policy provides that "The liability coverage afforded by this policy does not apply to any claim or 'suit' for damages by any 'insured' against another 'insured' because of 'bodily injury', 'property damage', 'personal injury' or 'advertising injury'. We have no obligation to defend or indemnify any 'insured' as to any such claim or 'suit' by another 'insured'."

Delos cites that exclusion and the policy's definition of "insured," which states that: "if you are designated in the declarations as . . . an organization other than a partnership, joint venture, or limited liability company, you are an insured." As Delos points out, the additional insured endorsement to the policy lists Loch Lomond as an additional insured.

All of this supports Delos's position, but there is another relevant policy provision which compels a result to the contrary. An endorsement titled "Additional Insured-Managers or Lessors of Premises" reads, inter alia, "Who is an Insured (section II) is amended to include as an insured the person or organization shown in the Schedule but only with respect to such person or organization's liability which both (1) arises out of the ownership, maintenance or use of that part of the premises leased to you and shown in the Schedule, and (2) occurs on that part of the premises leased to you and shown in the Schedule, and (3) results from and by reason of your act or omission or an act or omission of your agent or employee in the course of your operations at that part of the premises leased to you and shown in the Schedule."

■ As Gemini reads this provision, Loch Lomond is an additional insured only when and where it faces liability arising from Bobby's acts, undertaken in the course of Bobby's operations on the leased premises. The trial court agreed, as do we. An additional insured provision is designed " 'to protect parties who are not named insureds from exposure to vicarious liability for acts of the named insured.' [Citation.]" (*Maryland Casualty Co. v. Nationwide Ins. Co.* (1998) 65 Cal.App.4th 21, 31 [76 Cal.Rptr.2d 113].)

The parties agree that no one has ever sought to hold Loch Lomond liable for the fire at Bobby's. To the contrary, in the underlying case, Loch Lomond sought to recover from Bobby's. The interinsured claims and suits exclusion did not apply.

There is nothing in the cases cited by Delos which is to the contrary. In *Montgomery v. Cal Accountants Mutual Insurance Co.* (1998) 61 Cal.App.4th

between Loch Lomond and Bobby's. This case thus concerns Bobby's coverage, and we cannot say that it is merely an action between two insurers.

854 [72 Cal.Rptr.2d 39], the issue was whether an unlicensed accountant, who sued the accounting firm where she had worked, was a partner of the firm for purposes of a clause in the partnership's policy which excluded claims made by an insured. *Biltmore Associates, LLC v. Twin City Fire Ins. Co.* (9th Cir. 2009) 572 F.3d 663, concerned an action brought by an assignee of an insured's rights, and the legal issues involved the assignment. *American Medical Internat., Inc. v. National Union Fire Ins. Co.* (9th Cir. 2001) 244 F.3d 715 held that an interinsured suit exclusion barred coverage for a suit brought by a former director of a corporation against a current director. In *Pardee Construction Co. v. Insurance Co. of the West* (2000) 77 Cal.App.4th 1340 [92 Cal.Rptr.2d 443], Pardee, a general contractor which was an additional insured under several subcontractors' policies, was named as a defendant in construction defect suits. The legal issue concerned the extent of the completed operations coverage, and whether the additional insured endorsements excluded such coverage. In *Maryland Casualty Co. v. Nationwide Ins. Co., supra*, 65 Cal.App.4th at page 24, a general contractor was an additional insured on a subcontractor's policy. The additional insured endorsement stated that the insurance applied " 'only to the extent' " that the contractor was held liable for the subcontractor's acts or omissions. (*Ibid.*) The legal question concerned the duty to defend the general contractor for a potentially covered claim. None of that is relevant to the issue before us.

Delos makes several other arguments, first arguing that the trial court ignored the definition of "insured" in the policy, and next arguing that the additional insured endorsement did not delete the definition of "insured," but only modified it. We cannot see that the court ignored any portion of the policy. And, while it is true that the endorsement did not delete the definition of "insured," that is no help to Delos, because the modification leads to the result we announce herein.

Finally, Delos argues that the additional insured endorsement merely changes the scope of the coverage afforded to the additional insured. We cannot so read the endorsement. Further, doing so would lead to an absurd result, the kind of result we seek to avoid. (*George v. Automobile Club of Southern California* (2011) 201 Cal.App.4th 1112, 1129 [135 Cal.Rptr.3d 480].) The record establishes that Loch Lomond insisted as a condition of the lease that Bobby's carry liability insurance, and insisted that it be named as additional insured on the Bobby's policy. This is no doubt a common practice among commercial landlords, and indeed the policy endorsement is designated as one for landlords. Loch Lomond would have done this in order to protect itself in the event that it was sued for Bobby's negligence. It surely would not have done so in order to limit its ability to recover, in the event that it was injured by Bobby's negligence.

## Disposition

The judgment is affirmed. Respondent to recover costs on appeal.

Turner, P. J., and Mosk, J., concurred.