Filed 6/27/16  P. v. Grego CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CHRIS JOHN GREGO,<br><br>    Defendant and Appellant. | B265878<br><br>(Los Angeles County<br>Super. Ct. No. KA032123) |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Victoria B. Wilson and Noah P. Hill, Deputy Attorneys General, for Plaintiff and Respondent.

This appeal is from an order denying a Penal Code section 1170.126[1] resentencing petition. We affirm the order under review.

On November 13, 1996, a jury convicted defendant, Chris John Grego, of possessing a firearm with a prior conviction of a specified violent offense in violation of former section 12021.1, subdivision (a). At the time defendant committed the current offense, former section 12021.1, subdivision (a) stated: "Notwithstanding subdivision (a) of Section 12021, any person who has been previously convicted of any of the offenses listed in subdivision (b) and who owns or has in his or her possession or under his or her custody or control any firearm is guilty of a felony." Former section 12021.1, subdivision (a) listed 29 "violent" offenses. (Stats. 1993, ch. 612, §§ 9, pp. 3635-3636.) Former section 12021.1 was repealed and reenacted as section 29900, subdivision (a)(1) without substantive change. (Stats. 2010, ch. 711, §§ 4, 6; *People v. Sanders* (2012) 55 Cal.4th 731, 734, fn. 2.) The parties describe defendant's conviction as a violation of former section 12021, subdivision (a). However, former section 12021, subdivision (a), offender in possession, and former section 12021.1, violent offender in possession, are not interchangeable. (*People v. Sanders, supra,* 55 Cal.4th at pp. 737-738; see *People v. Dydouangphan* (2012) 211 Cal.App.4th 722, 780, fn. 3.)

Further, the trial court found true allegations that defendant had been convicted of three prior felonies with the meaning of sections 667, subdivision (d) and 1170.12, subdivision (b). Defendant was sentenced to 25 years to life in state prison. We affirmed the judgment on appeal. (*People v. Grego* (Jan. 27, 1998, B108447) [nonpub. opn.].)

On December 6, 2012, defendant filed a section 1170.126 resentencing petition. The trial court denied the resentencing petition. The trial court found defendant was ineligible for resentencing because he was armed with a firearm during the commission of the current offense. (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii), 1170.126, subd. (e)(2).)

---

[1] Further statutory references are to the Penal Code.

2

We review the trial court's factual determination based on the record of conviction for substantial evidence. (*People v. Hicks* (2014) 231 Cal.App.4th 275, 286; *People v. Guilford* (2014) 228 Cal.App.4th 651, 661; *People v. Elder* (2014) 227 Cal.App.4th 1308, 1317.) Substantial evidence in the record of conviction supports that finding. At trial, California Highway Patrol Officer Brian Smith testified. On March 31, 1996, Officer Smith saw defendant standing on a freeway shoulder near an off-ramp. Defendant had a black jacket draped over his left arm. Officer Smith stopped to inquire why defendant was on the side of the freeway. Defendant responded that his car had been towed from the area. Defendant accepted Officer Smith's offer of a ride to a location off the freeway. Defendant was asked whether he had any weapons in his possession. This was standard procedure when transporting civilians. Defendant responded that he had "a .25 auto" in his jacket pocket. Officer Smith confiscated defendant's jacket and searched the pockets. In one of defendant's pockets, Officer Smith found: a "silver in color Raven . . . .25 caliber" small handgun; a live round in the chamber; and four live rounds in the magazine.

The trial court found defendant was ineligible for resentencing because he was armed during the commission of the offense. (§§667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii), 1170.126, subd. (e)(2).) Defendant argues this basis for finding him ineligible for resentencing, he was armed, is inapplicable here. Defendant reasons that being "armed" is not an element of the current firearm possession offense. Defendant recognizes, however, that the Courts of Appeal have repeatedly rejected this argument. (E.g., *People v. White* (2016) 243 Cal.App.4th 1354, 1357, 1362-1363; *People v. Hicks, supra,* 231 Cal.App.4th at pp. 283-284; *People v. Brimmer* (2014) 230 Cal.App.4th 782, 797-799; *People v. Elder, supra,* 227 Cal.App.4th at p. 1317; *People v. Blakely* (2014) 225 Cal.App.4th 1042, 1048, 1051-1052; *People v. Osuna* (2014) 225 Cal.App.4th 1020, 1026-1027, 1028-1032; *People v. White* (2014) 223 Cal.App.4th 512, 519, 523-526.) We agree with and follow the existing precedent.

3

The order under review is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


TURNER, P.J.

We concur:


KRIEGLER, J.


RAPHAEL, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.