[Civ. No. 63191. Second Dist., Div. Five. Oct. 14, 1982.]

INSUL-ACOUSTICS, INC., Plaintiff and Appellant, v.
SUNG SOO LEE, Defendant and Respondent.

**COUNSEL**

Vallette & Fruchter and Kent Leeds Vallette for Plaintiff and Appellant.

Sweet, Norman & Dowler and Richard M. Norman for Defendant and Respondent.

**OPINION**

**ASHBY, J.**—Plaintiff Insul-Acoustics, Inc., brought a complaint to foreclose a mechanic's lien. (Civ. Code, § 3110.) The trial court granted summary judgment in favor of defendant Sung Soo Lee on the ground that plaintiff's claim was not timely recorded. (Civ. Code, § 3116.)

The pertinent facts were stipulated by the parties. Defendant Lee, doing business as Buster Brown Shoes, leased a certain store space in the Oaks Mall, a shopping mall in Thousand Oaks. Defendant has only a leasehold interest in the particular store space (see Civ. Code, § 3128); the mall is owned by Village Associates and the general contractor for the mall itself was Ernest W. Hahn, Inc.; other than as tenant, defendant has no privity with the owner of the mall, nor is he in privity with any of the other tenants.

Upon execution of a lease, each tenant "constructed the inner fixturization for his individual store, in accordance with his particular needs." On May 10, 1978, defendant contracted with Realty Design and Construction, Inc., a general contractor, for the fixturization of his store. On May 11, 1978, Realty Design subcontracted with plaintiff for a portion of this work, drywall and acoustical ceiling. Plaintiff performed the work, furnishing $7,300.30 of labor and material, and gave preliminary notice (Civ. Code, §§ 3097, 3114) to defendant on May 18, 1978, of the work done at the Buster Brown store.

The fixturization work at defendant's store was completed on or before July 31, 1978. Defendant opened for business on that date and no other work was performed thereafter.

Although defendant paid Realty Design, Realty Design failed to pay plaintiff. Plaintiff recorded its lien on December 8, 1978, for the work done at defendant's store.

Obviously, the lien was not recorded within 90 days after completion of the work of improvement on defendant's store as required by Civil Code section 3116.[1] Plaintiff contends nevertheless that the lien was timely recorded because the "work of improvement" should be interpreted to include not only the work on defendant's store but also the work which was later performed at other stores in the mall pursuant to separate subcontracts between plaintiff and Realty Design, who had separately contracted with other tenants for the fixturization of their stores. We find no merit to this contention.

Upon execution of a lease each tenant was responsible for the inner fixturization of his individual store.[2] Realty Design acted as a general contractor for other tenants, but this was pursuant to separate contracts with each tenant; no agency or privity existed between defendant and

[1]Civil Code section 3116 provides: "Each claimant other than an original contractor, in order to enforce a lien, must record his claim of lien after he has ceased furnishing labor, services, equipment, or materials, and before the expiration of (a) 90 days after completion of the work of improvement if no notice of completion or cessation has been recorded, or (b) 30 days after recordation of a notice of completion or notice of cessation."

[2]This case does not involve the construction of the mall itself or the general contractor who constructed the mall, Ernest W. Hahn, Inc. The mall was opened to the public on April 27, 1978. On May 30, 1978, Village Associates recorded a notice that the mall was completed on May 24, 1978. (Civ. Code, § 3093.) On May 22, 1978, Village Associates gave notice of nonresponsibility pursuant to Civil Code section 3094, for the work on defendant's store.

other tenants of the mall. Moreover, plaintiff had a separate subcontract with Realty Design for each job at different tenants' stores.[3]

■ Since each job at each tenant's shop was the subject of a separate contract between plaintiff and Realty Design, and between Realty Design and the individual tenant involved, each was a separate work of improvement, and plaintiff's lien against defendant's lease was not enforceable, since it was not filed within 90 days of completion of the work of improvement on defendant's shop. (Civ. Code, § 3116.) Plaintiff cites the statement in Civil Code section 3106 that "[e]xcept as otherwise provided in this title, 'work of improvement' means the entire structure or scheme ·of improvement as a whole." This definition is of no aid to plaintiff, however, where the jobs in each tenant's shop are so clearly separate. (53 Am.Jr.2d, Mechanics' Liens, §§ 199, 200, pp. 716-720.) There is no basis in the present record for holding the separate tenant improvements to be an "entire structure or scheme of improvement as a whole." Here the work of improvement as a whole was the fixturization of defendant's shop, which was completed on or before July 31, 1978. Defendant had no connection with, and no legal responsibility for. improvements ordered by other tenants for their own shops. Thus this is not the type of case for which a single lien could have been filed for multiple improvements made at the request of a single owner or lessee under Civil Code section 3130. (See, e.g., *Hammond Lumber Co.* v. *Goldberg* (1932), 125 Cal.App. 120, 123, 127 [13 P.2d 814].)

The judgment is affirmed,

Feinerman, P. J., and Hastings, J., concurred.

---

[3]In fact, plaintiff recorded separate claims in December 1978 for work done at each tenant's shop.