[No. F055855. Fifth Dist. June 18, 2009.]

UNITED RENTALS NORTHWEST, INC., Plaintiff and Appellant, v. SNIDER LUMBER PRODUCTS, INC., et al., Defendants and Respondents.

---

**COUNSEL**

Urtnowski & Associates, J. Brian Urtnowski and William P. Warden for Plaintiff and Appellant.

Dun & Martinek and Randall H. Davis for Defendants and Respondents.

---

**OPINION**

**WISEMAN, Acting P. J.**—In this action to foreclose on a mechanic's lien on land, the trial court granted the landowner's motion to remove the lien, holding that the work done did not constitute a "work of improvement" and therefore did not give rise to a lien under the mechanic's lien statutes. The work, however, was a removal of buildings, which is included in the statutory definition of a "work of improvement." We reverse the judgment and publish due to the lack of case law applying the statutes to removals of buildings.

## *FACTUAL AND PROCEDURAL HISTORIES*

Defendants Snider Lumber Products, Inc., and Sierra Pacific Industries (Snider and Sierra) owned a sawmill at Chinese Camp in Tuolumne County. In 2006, the sawmill was retooled and some of its facilities became unnecessary, including 10 lumber drying kilns.

The 10 kilns were divided into two groups, called upper and lower. The upper kilns were each 68 feet long and 20 feet high. Each was 16 feet wide and they stood side by side—a total width of 80 feet—on a concrete slab to which they were bolted. They were constructed with steel frames and aluminum walls with foam insulation. Railroad tracks were set into the concrete foundation so that lumber could be moved into the kilns on carts.

Each kiln had four large doors for the lumber to roll in through and four small doors for workers. The kilns were each supplied with electricity to power fan motors and lights. Each also was supplied with sprinklers. Four feet from the kilns was a control room 10 feet long, seven feet wide, and 40 feet high, made of wood. This was also supplied with electricity and housed a computer from which an operator controlled the kilns. It had windows and doors. Running the 80-foot width of the five kilns was a valve room, 12 feet wide and nine feet high, made of wood and steel. It also had windows and doors. The valves in the valve room controlled the supply of steam to the kilns. The control room and valve room, like the kilns, were attached to the concrete slab. Stairs and catwalks provided workers with access to various parts of the structure. The five lower kilns were similar to the upper kilns, except that they were 120 feet long instead of 68 feet. They also had a control room and a valve room.

When the kilns were installed, they were deemed improvements on the land for property tax purposes. The upper kilns were erected in 1985. Four of the lower kilns were erected in 1996 and the fifth in 1998.

Snider and Sierra hired a company called Midway United to remove the kilns and oversee their sale to a group of buyers. Midway United subcontracted the job of removing the kilns to a firm called John Stuart Mechanical. The scope of work, for which John Stuart Mechanical was to be paid $270,600, included dismantling the structures and breaking down their usable parts into pieces small enough to be packed into shipping containers for transportation to the buyer. John Stuart Mechanical entered into a series of agreements with plaintiff United Rentals Northwest, Inc. (United Rentals), to rent equipment for use in removing the kilns. Using the United Rentals equipment, John Stuart Mechanical carried out some of the dismantling of the kilns and control houses. A dispute then developed between Midway United

and John Stuart Mechanical, and John Stuart Mechanical either was fired by Midway United or abandoned the job. The United Rentals equipment was removed and a new subcontractor was hired to finish the job using its own equipment.

United Rentals was never paid for the rentals. On February 12, 2007, it recorded a mechanic's lien against Snider and Sierra's land in the amount of $60,602.99. Civil Code section 3110 provides that "lessors of equipment . . . leasing equipment to be used . . . in . . . contributing to a work of improvement shall have a lien upon the property upon which they have . . . leased equipment . . . for the value of the use of such . . . equipment . . . whether . . . furnished at the instance of the owner or of any person acting by his authority or under him as contractor or otherwise."[1] The following month, United Rentals filed its complaint in this case, asserting contractual claims against John Stuart Mechanical and John Stuart individually and seeking to foreclose on the mechanic's lien against Snider and Sierra. A default judgment was later entered against John Stuart Mechanical and John Stuart.

Snider and Sierra filed a motion to remove the mechanic's lien. Despite section 3106—which provides that " '[w]ork of improvement' includes . . . the demolition of buildings, and the removal of buildings"—defendants argued that removal of the kilns was not a work of improvement. They contended that the structures removed were personal property, not buildings, and that in any event their removal was not an improvement because it did not benefit the property.

The trial court granted the motion and ordered the lien removed, stating in its written order that "the dismantling of the drying kiln is not a work of improvement within the meaning of Civil Code §3106." It did not issue a detailed statement of its reasoning, but at the hearing it said:

"For me—the question for me was whether or not this is really a—a demolition of a building. Certainly the dismantling of a building for purposes of resale. And that's where I am. That's where I have some real problems.

"And I don't see—I don't see how this work, however you describe it, really is a benefit to the defendant's property."

United Rentals moved for reconsideration. The court denied the motion. On the basis of the conclusion that there was no valid lien, the court entered judgment in favor of Snider and Sierra and ordered United Rentals to pay their costs.

---

[1] Subsequent statutory references are to the Civil Code.

## *DISCUSSION*

The relevant facts are not in dispute: Snider and Sierra hired a contractor to remove the kilns (which are undisputedly as we described them); the contractor hired a subcontractor to carry out the removal; the subcontractor rented United Rentals's equipment and used it to do part of the job. The only question is whether, under the Civil Code, these facts give rise to a mechanic's lien in favor of United Rentals. This is a question of law, so we review it de novo. (*Ghirardo v. Antonioli* (1994) 8 Cal.4th 791, 799 [35 Cal.Rptr.2d 418, 883 P.2d 960]; *Topanga and Victory Partners v. Toghia* (2002) 103 Cal.App.4th 775, 779–780 [127 Cal.Rptr.2d 104].)

A lease of equipment to contribute to a work of improvement on property gives rise to a mechanic's lien on the property in favor of the lessor. (§ 3110.) Section 3106 defines a "work of improvement" as follows: " 'Work of improvement' includes but is not restricted to the construction, alteration, addition to, or repair, in whole or in part, of any building, wharf, bridge, ditch, flume, aqueduct, well, tunnel, fence, machinery, railroad, or road, the seeding, sodding, or planting of any lot or tract of land for landscaping purposes, the filling, leveling, or grading of any lot or tract of land, the demolition of buildings, and the removal of buildings. Except as otherwise provided in this title, 'work of improvement' means the entire structure or scheme of improvement as a whole."

The removal of the kilns falls within this definition. We can see no reason for doubting that metal structures that were two stories tall, were attached to concrete foundations, enclosed thousands of square feet of space, had windows and doors and staircases and places for people to work, were supplied with electricity, stood for between eight and 21 years, and whose removal cost nearly $300,000, were buildings. In Snider and Sierra's appellate brief, unlike their motion brief, they do not argue that the structures at issue were not buildings. Further, it is undisputed that United Rentals's equipment was leased to contribute to the removal of these buildings and did contribute to it. Since section 3106 defines a work of improvement as including a removal of buildings—and section 3110 provides for a mechanic's lien in favor of a lessor of equipment that contributes to a work of improvement—this is the end of the analysis.

It has been held that a work of improvement must result in a *permanent* improvement to give rise to a mechanic's lien. (See, e.g., *Howard A. Deason & Co. v. Costa Tierra Ltd.* (1969) 2 Cal.App.3d 742, 753 [83 Cal.Rptr. 105] ["permanency of improvement is an essential characteristic of work giving rise to a lien"]; *Howard S. Wright Construction Co. v. Superior Court* (2003) 106 Cal.App.4th 314, 324–325 [130 Cal.Rptr.2d 641] [considering

whether installation of equipment was sufficiently permanent to support mechanic's lien].) This requirement cannot have much significance where the improvement is the removal or demolition of a building, however. There is no requirement that the land remain vacant permanently after the removal or demolition. Logically, the permanency doctrine must be satisfied in this context by the fact that the removed or demolished building is removed or demolished.

■ Snider and Sierra argue that removal and demolition of buildings can constitute works of improvement only if followed or accompanied by "work that actually improves the real property." Here, they say, there was no work of improvement because, after the buildings were removed, "the land was left in a state of cluttered disrepair." This argument ignores the statutory definition of the term "work of improvement," which includes the removal of buildings, says nothing about whether the land must be left in an orderly state, and does not say anything else must be done after the removal to confer benefits on the land. "Work of improvement" is a term of art and must be construed according to its technical definition. (*Schwetz v. Minnerly* (1990) 220 Cal.App.3d 296, 307 [269 Cal.Rptr. 417].) In any event, when owners hire contractors to remove buildings, they presumably want the buildings removed, so the removal is an improvement and a benefit from the owners' perspective. We have no authority to add a requirement that, after the work is done, the land must be better off in some other sense.

Snider and Sierra's appellate brief contains a string citation two pages long in which it is pointed out that each cited case involved the building of something, not the removal—or just the removal—of buildings. It is not surprising that there are many mechanic's lien cases involving construction. Their existence does not negate the statutory inclusion of demolition and removal of buildings in the definition of a work of improvement, nor does it add a requirement that demolition or removal must be followed by some kind of bettering of the land. True, like the parties, we found no published California cases applying the mechanic's lien statutes to facts involving only demolition or removal of buildings. Snider and Sierra think this amounts to lack of support for United Rentals's position, but they are mistaken, for the statute is not ambiguous and carries the point.

■ The sentence at the end of section 3106 regarding "the entire structure or scheme of improvement as a whole" also does not mean that the removal or demolition of buildings is not a work of improvement unless it is part of a larger project leading to an outcome beyond the mere removal or demolition, as the trial court appears to have thought. It asked United Rentals's counsel, "Isn't the improvement and the benefit to the property itself [required to be] part of a total scheme of improvement like a development of a project, for

example, on a property?" Plaintiff's counsel correctly replied: "No, no. The Court is mistaken on that." The sentence about a "scheme" only says that the term "work of improvement" refers to the entirety of a work of improvement. Since "work of improvement" is defined to include demolition and removal of buildings, the entirety of a work of improvement can consist of the demolition or removal of a building. There is no basis for the view that removal of a building—or anything else included in the definition—only counts if something else is done to the land in addition.

Further, the sentence does not mean a claimant is entitled to a lien only if the claimant carried out the entire work, since section 3110 says activity "contributing to" a work of improvement is what gives rise to a lien. Were it otherwise, no contractor on a job involving multiple contractors would ever have a mechanic's lien. The significance of the sentence has to do with the extent of the property the lien attaches to, not with whether it attaches in the first place. (See, e.g., *Insul-Acoustics, Inc. v. Lee* (1982) 136 Cal.App.3d 552, 555 [186 Cal.Rptr. 324] [scheme of improvement was limited to job at one shop in mall; it did not extend to other jobs at same mall by same claimant, so lien related only to the one shop and work done in it].) The scope of the lien is not a matter we are called upon to address in this appeal.

Finally, Snider and Sierra claim that the imposition of the lien is an "unconstitutional 'taking' . . . in the absence of any benefit to the real property in question." Since they offer no arguments or citations of authority in support of this contention, we will treat the issue as waived.[2] (*Associated Builders & Contractors, Inc. v. San Francisco Airports Com.* (1999) 21 Cal.4th 352, 366, fn. 2 [87 Cal.Rptr.2d 654, 981 P.2d 499].)

In sum, Snider and Sierra's agent rented United Rentals's equipment and used it to help remove buildings from Snider and Sierra's land. Therefore, United Rentals has a mechanic's lien on the property.[3]

---

[2] Snider and Sierra's suggestion—without a record citation—that we "[s]ee [their] earlier briefs regarding the criteria for a constitutional 'taking' of real property" does not cure their failure to brief the issue on appeal. In any event, the only authorities cited in the discussion of this issue that we could find in Snider and Sierra's earlier briefs are *Connolly Development, Inc. v. Superior Court* (1976) 17 Cal.3d 803 [132 Cal.Rptr. 477, 553 P.2d 637] and *Corbett v. Chambers* (1895) 109 Cal. 178 [41 P. 873]. Neither case says anything supporting Snider and Sierra's theory that a mechanic's lien arising from demolition or removal of buildings is unconstitutional unless some benefit other than the benefit of the demolition or removal itself is proven.

[3] We need not address the separate questions of whether the work performed here constituted "alteration" of a "building" or "machinery" within the meaning of section 3106, or a "site improvement" giving rise to a lien under section 3102. We also need not address United Rentals's contention that the court improperly considered a certain declaration at the hearing on the motion for reconsideration.

## *DISPOSITION*

The order removing the lien and the judgment in favor of Snider and Sierra are reversed. The case is remanded to the superior court for further proceedings. United Rentals is awarded its costs on appeal.

Gomes, J., and Kane, J., concurred.