Filed 12/24/18

**CERTIFIED FOR PUBLICATION**

APPELLATE DIVISION OF THE SUPERIOR COURT

STATE OF CALIFORNIA, COUNTY OF HUMBOLDT

| | | |
|---|---|---|
| JODY CHAVEZ, | ) | CV180230 |
|     Plaintiff and Appellant, | ) | |
| | ) | **OPINION** |
|         v. | ) | |
| GBOLAHAN SARUMI, | ) | |
|     Defendant and Respondent. | ) | |

Appeal from a Judgment of the Superior Court of Humboldt County, Kaleb Cockrum, Judge. Reversed.

M. Colleen Ryan, Industrial Relations Counsel, Department of Industrial Relations, Division of Labor Standards Enforcement, State of California, for Real Party-in-Interest State Labor Commissioner, on behalf of Plaintiff and Appellant.

Owens & Ross, Dustin Owens, for Defendant and Respondent.

\*          \*          \*

The trial court or superior court is referred to herein as "Trial Court" and the appellate division as the "Appellate Division." The State of California, Division of Labor Standards Enforcement on behalf of Jody Chavez, referred to herein as "Appellant," is the appellant at the Appellate Division

1

and Gbolahan Sarumi, dba Orick Motel & RV Park, referred to herein as the "Respondent," is the respondent at the Appellate Division. Respondent was the party, however, who filed the initial notice of appeal at the Trial Court appealing the Labor Commissioner's underlying decision.

## Procedural History

Appeal from Labor Commissioner.

The appeal from the Labor Commissioner (WC-CM-255394) was filed in CV180230 by Respondent on March 13, 2018 (for a trial de novo in the Trial Court). Amended notice of appeal was filed April 4, 2018 (correcting attachment). The appeal included only the decision as to Respondent. According to Respondent, defendant Bolamon Properties, Inc. did not file an appeal in the matter because it is a suspended corporation. Therefore, the Labor Commissioner's decision as to Bolamon Properties, Inc. is final and not included in the appeal for a trial de novo or this appeal.

Trial Court Dismissal of Appeal and Release and Exoneration of Appeal Bond.

On April 30, 2018, by written order the Trial Court dismissed Respondent's appeal of the Labor Commissioner's Order, Decision or Award and ordered that judgment be entered in favor of Appellant in the amount of the award of the Labor Commissioner plus attorney's fees. The appeal was dismissed because Respondent did not file a timely undertaking with the notice of appeal as required by Labor Code §98.2(b). Respondent's notice of appeal was filed on March 13, 2018 and the appeal bond was filed on April 5, 2018 ("Appeal Bond").

On June 13, 2018, by written order the Trial Court found that the late-filed undertaking posted by Respondent with the Trial Court pursuant to Labor Code §98.2(b) should be exonerated and released to the surety because it "was an *attempted* bond as opposed to an actual bond as a result of a lack of jurisdiction" (emphasis in original) ("June 13, 2018 Order").

Additionally, on June 13, 2018, by written order the Trial Court granted a stay of execution of the order exonerating and releasing the appeal bond. The Trial Court then extended that stay by order filed November 21, 2018, "until 15 calendar days after the Humboldt County Superior Court

2

Appellate Division issues its decision in the appeal.  (Case Nos. CV180230)."

Appeal to Appellate Division.

A notice of appeal of the Trial Court's decision to the Appellate Division was filed by Appellant on June 20, 2018.

## Standard of Review

Cases presenting pure questions of law are subject to an independent or de novo review.  *Aryeh v. Canon Business Solutions, Inc.* (2013) 55 Cal.4th 1185, 1191; *Topanga & Victory Partners, LLP  v. Toghia* (2002) 103 Cal.App.4th 775, 779-780.  Appellate courts may independently determine the proper interpretation of a statute.  *Daugherty v. City & County of San Francisco* (2018) 24 Cal.App.5th 928, 944.  In this case, the interpretation of a statute and a question of law are at issue and a de novo standard of review is applied.

## Request for Judicial Notice

By order filed October 19, 2018, the Appellate Division granted Appellant's Motion for Judicial Notice to take judicial notice of related Humboldt County Superior Court files CV180530 and CV180531.  In these files, the clerk entered judgment in favor of Jody Chavez on the Labor Commissioner's award against Bolamon Properties, Inc. and Respondent.

On October 19, 2018, Appellant filed a Supplemental Motion for Judicial Notice requesting that the Appellate Division take judicial notice of the stipulation of the parties for reasonable attorney's fees in CV180230 filed July 30, 2018, and the Trial Court's subsequent order filed August 6, 2018, awarding attorney's fees to Appellant after dismissal of Respondent's appeal of the Labor Commissioner's underlying decision ("Stipulation and Order for Attorney's Fees").  No opposition was filed by Respondent to the Supplemental Motion for Judicial Notice.

The Appellate Division **GRANTS** the Supplemental Motion for Judicial Notice.  However, the Appellate Division determines that none of the Trial Court matters subject to Appellant's Motion and

3

Supplemental Motion for Judicial Notice are necessary for the Appellate Division's Opinion herein. Therefore, the matters are not considered.

## Discussion

At issue in the appeal to the Appellate Division is the fact that the Trial Court dismissed Respondent's appeal of the Labor Commissioner's decision due to failure to timely file the required appeal bond. Labor Code §98.2(b). But the Trial Court then ordered that the late-filed bond be exonerated and released back to the employer's surety. The Trial Court found that Respondent's appeal bond was "an attempted bond, rather than an actual bond as result of lack of jurisdiction." The appeal is, therefore, from the Trial Court's June 13, 2018 Order exonerating and releasing the Labor Code §98.2(b) appeal bond back to surety of Respondent.

Labor Code §98.2(b) states:

*(b) As a condition to filing an appeal pursuant to this section, an employer shall first post an undertaking with the reviewing court in the amount of the order, decision, or award. The undertaking shall consist of an appeal bond issued by a licensed surety or a cash deposit, with the court in the amount of the order, decision, or award. The employer shall provide written notification to the other parties and the Labor Commissioner of the posting of the undertaking. The undertaking shall be on the condition that, if any judgment is entered in favor of the employee, the employer shall pay the amount owed pursuant to the judgment, and if the appeal is withdrawn or dismissed without entry of judgment, the employer shall pay the amount owed pursuant to the order, decision, or award of the Labor Commissioner unless the parties have executed a settlement agreement for payment of*

*some other amount, in which case the employer shall pay the amount that the employer is obligated to pay under the terms of the settlement agreement. **If the employer fails to pay the amount owed within 10 days of entry of the judgment,***

4

***dismissal, or withdrawal of the appeal, or the execution of a settlement***
***agreement, a portion of the undertaking equal to the amount owed, or the entire***
***undertaking if the amount owed exceeds the undertaking, is forfeited to the***
***employee.*** *Labor Code §98.2 (emphasis added).*

Labor Code §98.2(b) states that an undertaking posted by an employer shall be forfeited to the employee if (1) the employer fails to pay the amount owed within 10 days of (2) the entry of a judgment, dismissal, or withdrawal of the appeal (which occurred here on April 30, 2018). Labor Code §98.2(b) does not distinguish between the type of dismissal of the appeal.  In this case, the appeal was dismissed by the Trial Court because the required undertaking was not timely filed by the employer with the Trial Court.  Labor Code §98.2(b) gives only one directive as to the disposition of an appeal bond if the appeal is dismissed and the judgment is not fulfilled.  Absent other authority, the Appellate Division follows the clear directive of Labor Code §98.2(b) to forfeit the undertaking to the employee upon dismissal of the appeal.

Although Respondent's argument that the Trial Court did not have "subject matter jurisdiction" to hear the appeal because of the late-filed bond is technically correct, Respondent cites no authority under Labor Code §98.2 that dismissal for lack of appeal jurisdiction (for failure to meet the timely appeal bond requirement of the statute or otherwise) renders any posted bond a non-existent or an "attempted bond."

The public policy behind Labor Code §98.2 is supported by releasing the bond to the employee in accordance with the statute.  In this case, after Respondent filed a timely notice of appeal -- but without the required undertaking -- the Appellate Division finds that Respondent assumed the risk of forfeiture by filing the untimely bond.  At that point, Respondent could have simply failed to file a bond and the appeal would nonetheless have been dismissed for failure to meet the Labor Code §98.2 requirements.  Additionally, the Respondent employer had the option under Labor Code §98.2(b) to pay the amount owed pursuant to the

5

judgment after dismissal of the appeal and the bond would not be forfeited to the employee under the statute.

There is no direct case authority on point. But the case law that exists more closely supports the Appellant's position that the bond must be forfeited to the employee pursuant to Labor Code §98.2(b). *See Tabarrejo v. Superior Court* (2014) 232 Cal.App.4th 849 (holding that dismissal of an appeal due to employer's suspended corporate status does not allow release of the appeal bond back to the employer and the appeal bond should be released to employee).

There is language in *Tabarrejo,* pointed out by Respondent, that the Labor Code §98.2 appeal requirements are mandatory and jurisdictional. And the facts in *Tabarrejo* differ because both a timely notice of appeal and bond were filed in that case and the suspended status of the corporation did not affect the jurisdiction of the court to proceed. *Tabarrejo v. Superior Court*, 232 Cal.App.4th at 863-867.

Here, a timely notice of appeal was filed but no timely bond was filed. Therefore, the Respondent argues that the Trial Court never had jurisdiction and that the appeal (and thus the bond) were void *ab initio*. Respondent's argument relies on an assertion that the Trial Court should not have accepted or did not have jurisdiction to accept either (a) the appeal without a bond or (b) the subsequent late-filed bond.

However, as noted in *Tabarrejo:* "The statute recognizes that appeals of Labor Commissioner decisions may be resolved in a variety of ways, including a trial de novo, withdrawal of the appeal, dismissal or settlement. Section 98.2, subdivision (b) does not limit the grounds for dismissal of an appeal. Furthermore, when the appeal is dismissed without a settlement, and the employer fails to pay the amount awarded by the Labor Commissioner within 10 days of dismissal, section 98.2, subdivision (b) expressly provides for forfeiture of the undertaking to the employee; it does not provide for the release of funds to individuals who posted the undertaking on behalf of the employer." *Tabarrejo v. Superior Court*, 232 Cal.App.4th at 868.

In *Barry v. State of California* (2017) 2 Cal.5th 318, the California Supreme Court held that a court may determine for purposes of an anti-SLAPP motion to dismiss that it lacks subject matter jurisdiction and also award attorney's fees and costs because "trial courts necessarily have jurisdiction to determine the scope of their own jurisdiction, and may award costs as incidental to the jurisdictional determination." *Barry v. State of California*, 2 Cal.5th at 326. The California Supreme Court reiterated that trial courts may dismiss a case and nonetheless award costs to the defendant under Code of Civil Procedure ("CCP") §1032. Additionally, the *Barry* decision held that courts may lack jurisdiction to determine the merits of any issue but can consider "collateral issues" such as litigation expenses or sanctions. While not directly on point, Appellant argues *Barry* as authority that the Trial Court may order the bond forfeited to the employee although it did not have subject matter jurisdiction to hear the appeal due to Respondent's failure to meet statutory requirements. *See also Brown v. Desert Christian Center* (2011) 193 Cal.App.4th 733 (judgment of dismissal due to lack of jurisdiction does not deprive a court of the ability to award costs to prevailing party under CCP §1032).

Further, the two statutes applicable to bonds cited by Appellant support Appellant's contentions. *See* CCP §995.360 (conditions for withdrawal of bond from files) and CCP §996.420 (a surety on a bond submits itself to the jurisdiction of the court).

Respondent's arguments that the Trial Court should not have accepted the appeal without a bond or should have rejected the late-filed bond are misplaced here because the appeal and bond were actually filed.

The clear language of Labor Code §98.2(b) supports the Trial Court's authority to forfeit the bond to the employee upon dismissal of the case if the amount owed is not paid by the employer within 10 days. The primary purpose of statutory interpretation is to determine the intent of the legislature so as to effectuate the purpose of the law. Examining the language of the statute, words are given their ordinary meaning keeping in mind the purpose of the statute, and when statutory

7

language is clear and unambiguous there is no need for construction. *See Barnes v. Department of Corrections* (1999) 74 Cal.App.4th 126, 131. Further, a court should not read statutes to omit expressed language or include omitted language. *See Yao v. Superior Court* (2002) 104 Cal.App.4th 327, 333.

## Disposition

The June 13, 2018 Order is **REVERSED.** The Appeal Bond shall be forfeited to the employee pursuant to Labor Code §98.2(b). Based on this Opinion, the Trial Court's order of November 21, 2018 staying execution of the June 13, 2018 Order is moot. However, the Appellate Division **ORDERS** that a stay of release of the bond shall remain in place until remittitur issues in this matter and there is final resolution of the appeal.

Dated: December 21, 2018

Christopher G. Wilson
Judge of the Superior Court, Appellate Division

Dale A. Reinholtsen
Judge of the Superior Court, Appellate Division

Kelly L. Neel
Judge of the Superior Court, Appellate Division