Filed 11/22/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| BALUBHAI PATEL et al., | B312985 |
| Plaintiff and Appellants, | (Los Angeles County Super. Ct. No. BC681074) |
| v. | |
| MANUEL CHAVEZ et al., | |
| Defendants and Respondents. | |

APPEAL from an order and judgment of the Superior Court of Los Angeles County, Maureen Duffy-Lewis, Judge. Affirmed.

Frank A. Weiser for Plaintiffs and Appellants.

Law Office of Eugene Lee and Eugene D. Lee for Defendant and Respondent Manuel Chavez.

No appearance for Defendant and Respondent California Labor Commissioner's Office.

—————————————————

Appellants Balubhai Patel, DTWO & E, Inc. (DTWO), and Stuart Union, LLC (Stuart Union) (collectively, appellants) have been before this court numerous times in connection with a labor dispute with a former employee, respondent Manuel Chavez, that resulted in two California Labor Commissioner orders (ODAs)[1] in Chavez's favor. The instant appeal challenges a superior court order forfeiting a bond appellants had posted in an unsuccessful attempt to challenge the ODAs, as well as a judgment against them as bond principals. We affirm the order and judgment.[2]

## FACTS AND PROCEEDINGS BELOW

From 2002 to 2016, Chavez worked as an on-site property manager of a hotel owned and/or operated by appellants. In October 2015, Chavez filed a wage claim with the Labor Commissioner's office alleging that, for 14 years, appellants paid him less than minimum wage and engaged in other forms of wage theft. Appellants responded by filing a lawsuit in the Los Angeles County Superior Court seeking $10 million from Chavez, alleging he was an independent contractor who had

---

[1] Both Labor Commission documents are captioned "order, decision, or award," which courts refer to as an ODA (see, e.g., *Corrales v. Bradstreet* (2007) 153 Cal.App.4th 33, 40), and this is the terminology utilized by the relevant statutes. We therefore employ this terminology as well.

[2] We deny as moot Chavez's motion to dismiss the appeal. To the extent Chavez's motion addresses appellants' listing in their notice of appeal an order compelling appellants to respond to postjudgment discovery, the motion is moot, because appellants have abandoned this challenge. To the extent the motion seeks dismissal of the appeal from the bond order and related judgment under the disentitlement doctrine, the motion is moot in light of our disposition on the merits as outlined below.

stolen hotel rental moneys.  Appellants dismissed the suit the day before trial.

In 2017, the Labor Commissioner's office issued two ODAs (one against Patel and DTWO and one against Stuart Union) requiring appellants to pay Chavez a total of over $235,000 in unpaid wages, penalties, and interest.  At that time, appellants were informed of their rights to challenge the ODAs under Labor Code section 98.2.[3]

Section 98.2 sets forth the procedures by which a party to a proceeding before the Labor Commissioner resulting in an ODA "may seek review [thereof] by filing an appeal to the superior court, where the appeal shall be heard de novo." (§ 98.2, subd. (a).)  Section 98.2, subdivision (a) contains specific requirements for properly noticing such an appeal, and subdivision (b) requires the party seeking review to post a bond or cash deposit with the superior court in the amount owed under the ODA.  (§ 98.2, subd. (b).)  Both the notice and bond requirements are prerequisites to the superior court having jurisdiction to hear such an appeal.  (§ 98.2, subds. (a) & (b); *Pressler v. Donald L. Bren Co.* (1982) 32 Cal.3d 831, 837 [timely notice is required to vest court with jurisdiction to conduct trial de novo under section 98.2]; *Palagin v. Paniagua Construction, Inc.* (2013) 222 Cal.App.4th 124, 130–131 (*Palagin*) [employer undertaking is required to vest court with jurisdiction to conduct trial de novo under section 98.2].) Specifically, section 98.2, subdivisions (a) and (b) provide:

---

[3] Unless otherwise indicated, all statutory references and citations are to the Labor Code.

"(a)  Within 10 days after service of notice of an order, decision, or award the parties may seek review by filing an appeal to the superior court, where the appeal shall be heard de novo. . . .  A copy of the appeal request shall be served upon the Labor Commissioner by the appellant. . . .

"(b)  As a condition to filing an appeal pursuant to this section, an employer shall first post an undertaking with the reviewing court in the amount of the order, decision, or award. The undertaking shall consist of an appeal bond issued by a licensed surety or a cash deposit with the court in the amount of the order, decision, or award.  The employer shall provide written notification to the other parties and the Labor Commissioner of the posting of the undertaking.  The undertaking shall be on the condition that, if any judgment is entered in favor of the employee, the employer shall pay the amount owed pursuant to the judgment, and if the appeal is withdrawn or dismissed without entry of judgment, the employer shall pay the amount owed pursuant to the order, decision, or award of the Labor Commissioner unless the parties have executed a settlement agreement for payment of some other amount, in which case the employer shall pay the amount that the employer is obligated to pay under the terms of the settlement agreement.  If the employer fails to pay the amount owed within 10 days of entry of the judgment, dismissal, or withdrawal of the appeal, or the execution of a settlement agreement, a portion of the undertaking equal to the amount owed, or the entire undertaking if the amount owed exceeds the undertaking, is forfeited to the employee."  (§ 98.2, subds. (a) & (b).)

Appellants did *not* file a valid notice of appeal of the ODAs under section 98.2, subdivision (a).  Instead, they again filed suit

against Chavez. This time, appellants' complaint contained a claim under section 1983 of title 42 of the United States Code, a claim for inverse condemnation, and a petition for a writ of mandamus ordering the Labor Commissioner to reverse the ODAs. Appellants also added as additional defendants then-Labor Commissioner Julie Su and Martha Huerta, the then-Deputy Labor Commissioner who had presided over the hearing on Chavez's claims against appellants. The complaint alleged as a basis for all of these claims that Chavez had given false testimony at the hearing before the Labor Commissioner. The complaint demanded "a de novo hearing" and alleged, in the writ of mandate section, that "[t]his writ of mandate is filed, among other authority and limited therein, pursuant to the California Labor Code . . . [s]ection 98.2."

At the same time that the appellants filed the complaint, they also filed a document captioned, "notice of intent to post bond or undertaking pursuant to . . . section 98.2 under protest,"[4] and Philadelphia Indemnity Insurance Company (PIIC) posted, on appellants' behalves, bonds in the amount owed Chavez under

_____

[4] The notice provided in full: "[Appellants] hereby notify [Chavez, Huerta, and Su] that they will be posting a bond or undertaking in the amount of the Labor Commission Order and Decision filed September 26, 2017 that is the subject of the complaint and the petition for writ of mandate. [¶] The posting or undertaking will be done pursuant to . . . [s]ection 98.2 and is made under protest and without waiver of [appellants'] . . . rights . . . in this lawsuit or any other lawsuit challenging . . . [s]ection 98.2 and the requirement to post such bond or undertaking."

5

the ODAs.**5** These bonds indicate that they were "give[n] [as] an undertaking for appeal in accordance [with the bond requirements of] . . . [s]ection 98.2."

The trial court granted two anti-SLAPP motions filed by Chavez: the first seeking to strike appellants' complaint in its entirety and the second seeking to strike appellants' first amended complaint in its entirety. Appellants appealed the court's order granting the first anti-SLAPP motion, and this court affirmed. (See *Patel v. Chavez* (2020) 48 Cal.App.5th 484.) Appellants also appealed an order sustaining the demurrer of the government defendants (Su and Huerta) to the first amended complaint, and this court again affirmed. (*Patel v. Su* (July 30, 2021, B294686) [nonpub. opn.].) In so doing, we expressly held that appellants' writ of mandate cause of action did not constitute a valid notice of appeal from the ODAs pursuant to section 98.2, and thus appellants had not filed a section 98.2 appeal.**6** (*Patel v. Su*, *supra*, B294686.)

---

**5** PIIC issued bond No. PB03138603318 in the amount of $202,294.10 on behalf of Patel and DTWO. PIIC issued bond No. PB03138603317 in the amount of $33,348.80 on behalf of Stuart Union.

**6** Specifically, we rejected appellants' argument that "their petition for a writ of mandate gave Chavez [sufficient] notice of their intent to challenge the Labor Commissioner's decision." (*Patel v. Su*, *supra*, B294686.) We explained that "[t]o interpret a petition for a writ of mandate as a notice of appeal would require going further than any case we are aware of in interpreting a document as a notice of appeal. We decline to do so in this case because [appellants'] decision to file their complaint rather than a notice of appeal has prejudiced Chavez by significantly delaying the case." (*Ibid.*)

Given the lack of a section 98.2 appeal from the ODAs, the ODAs automatically became final by operation of law (see § 98.2, subd. (d)), which triggered the Labor Commissioner's statutory obligation to "file . . . a certified copy of the final order[s] with the clerk of the superior court of the appropriate county." (§ 98.2, subd. (e).) In accordance with this obligation, the Labor Commissioner filed the two ODAs in Chavez's favor in the Los Angeles County Superior Court. This triggered the court clerk's statutory obligation to "immediately" enter "[j]udgment . . . in conformity [with the ODAs]." (*Ibid.*) The clerk of the superior court entered judgments against appellants in Chavez's favor in the amount of the ODAs plus costs and interest (the clerk's judgments).[7]

Appellants appealed the clerk's judgments, arguing they had been improperly entered without affording appellants sufficient due process. This court ultimately rejected appellants' challenge to the clerk's judgments, affirming them in an unpublished opinion. (See *Chavez v. Stuart Union LLC* (Jan. 27, 2022, B307888, B307891).)

While the appeal from the clerk's judgments was pending, PIIC refused Chavez's request that PIIC release the bonds to Chavez. Chavez therefore filed in the superior court a motion to release the bonds to Chavez. The court granted the motion "on

_____

[7] The clerk's judgments were entered under two separate trial court case numbers, neither of which was initially linked to appellants' action against Chavez alleging a claim pursuant to section 1983 of title 42 of the United States Code and seeking a writ of mandate. Because all three of these separate "actions" were based on ODAs from the same Labor Commissioner proceeding between Chavez and appellants, however, the court ultimately deemed all three actions related.

7

the ground that [appellants] have failed to pay the [clerk's] judgments which have been entered in favor of Chavez and that the bonds are consequently forfeited to Chavez." The court entered judgments "in the amount of $202,294.10 jointly and severally against [Patel and DTWO], based upon their liability as bond principals, and [PIIC], as surety, and $38,585.88 . . . jointly and severally against . . . Stuart Union . . . based upon [its] liability as bond principal, and against [PIIC], as surety."

## DISCUSSION

On appeal, appellants claim the court lacked jurisdiction to order the release of the bonds or enter judgment against appellants as bond principals. Appellants base this purported lack of jurisdiction on two arguments. First, they argue that the trial court proceedings should have been stayed at the time the court issued the challenged order and judgment, because two of appellants' appeals were still pending. Second, they argue that, because they never succeeded in filing a valid section 98.2 appeal with the trial court, the trial court lacked jurisdiction to issue any orders regarding bonds posted under section 98.2.

We disagree with appellants, as discussed below.

### A. *The Pendency of Other Appeals When the Challenged Order and Judgment Issued*

The pendency of an appeal does not stay enforcement of a money judgment absent an undertaking as set forth in Code of Civil Procedure section 917.1, subdivision (a)(1). That section provides: "Unless an undertaking is given, the perfecting of an appeal shall not stay enforcement of [a] judgment or order in the trial court if the judgment or order is for . . . [¶] . . . [m]oney or the payment of money . . . whether payable by the appellant

8

or another party to the action." (Code Civ. Proc., § 917.1, subd. (a)(1).) The undertaking needed to stay enforcement in this manner "shall be for double the amount of the judgment or order unless given by an admitted surety insurer in which event it shall be for one and one-half times the amount of the judgment or order." (*Id.*, § 917.1, subd. (b).) The only bonds appellants posted here were for the exact amount owed under the ODAs— not double or one and one-half times that amount. Thus, aside from the fact that, when appellants posted the bonds, appellants identified the bonds as undertakings related to their attempted section 98.2 appeal to the trial court, not an appeal with this court, the bonds were insufficient to stay the actions below based on the pendency of any appeal with this court. The trial court, therefore, did not lack jurisdiction based on the pendency of related appeals in this court.

### B. *The Trial Court's Lack of Jurisdiction To Hear a Section 98.2 Appeal*

Appellants argue that, in any case, appellants' failure to file a proper section 98.2 notice of appeal deprived the court of jurisdiction to do anything under section 98.2, including requiring forfeiture of what they refer to as the "[section] 98.2 appeal bonds." We disagree. Appellants purported to post the bonds "pursuant to . . . section 98.2." (Capitalization omitted.) Section 98.2 requires, as a condition of challenging an ODA in the superior court, that a plaintiff post a bond in the amount of the ODA. Further, "if any judgment is entered in favor of the employee . . . [and] the employer fails to pay the amount owed within 10 days of entry of the judgment . . . a portion of the undertaking equal to the amount owed, or the entire undertaking if the amount owed exceeds the undertaking, is forfeited to the

employee." (§ 98.2, subd. (b).) Thus, by the express terms of section 98.2, the bonds were subject to forfeiture if, inter alia, appellants failed to pay a valid judgment in Chavez's favor within the statutory timeframe. Here, appellants had failed to pay the clerk's judgments based on the ODAs in Chavez's favor for well over 10 days by the time of the challenged order and judgment were entered. Thus, the plain language of section 98.2 required the court to forfeit the bonds to Chavez in satisfaction of the clerk's judgments and ODAs on which they were based.

Appellants' jurisdictional arguments misunderstand the relationship between bonds issued pursuant to section 98.2 and jurisdiction. Section 98.2, subdivision (b) requires the filing of a bond as a prerequisite to a court having jurisdiction *to hear a section 98.2 appeal.* (§ 98.2, subd. (b) ["[a]s a condition to filing an appeal pursuant to . . . section [98.2], an employer shall first post an undertaking with the reviewing court in the amount of the order, decision, or award"]; see *Palagin, supra,* 222 Cal.App.4th at p. 132.) This means a bond in the amount of the challenged ODA is necessary for the court to have jurisdiction to hear a section 98.2 appeal, but the reverse is not necessarily true—i.e., a valid section 98.2 appeal is not necessarily a jurisdictional prerequisite for a court to issue orders regarding such a bond once posted.

Other language in section 98.2 further supports our interpretation that a valid section 98.2 appeal is not necessary for a court to have jurisdiction over a bond an employer posts under that section. Namely, section 98.2 requires the court to order payment of the amount owed under an ODA from such a bond when, inter alia, "the [section 98.2] appeal [from that ODA] is withdrawn or dismissed without entry of judgment." (§ 98.2,

10

subd. (b).) Notably, the statute does *not* require any adjudication of the dismissed or withdrawn section 98.2 appeal, or that the superior court have had jurisdiction to hear the dismissed or withdrawn appeal. For example, in *Chavez v. Sarumi* (2018) 36 Cal.App.5th Supp. 34, although the appellate division of the superior court dismissed an attempted section 98.2 appeal for lack of jurisdiction because the employer's bond was untimely, the court concluded it still had jurisdiction to order forfeiture of the bond to the employee.[8] (*Chavez v. Sarumi*, *supra*, at p. 40.) Nothing in the statute supports that a bond should be treated differently because it is filed in connection with an attempted section 98.2 appeal that fails due to lack of proper notice (as occurred here), rather than in connection with a section 98.2 appeal that fails for some other reason unrelated to the merits of the appeal (such as an untimely bond). Thus, the statute expressly contemplates a situation in which an attempted section 98.2 appeal has failed without there necessarily having been an adjudication on the merits or jurisdiction to hear a section 98.2 appeal, and the court is not only empowered but *required* to satisfy the relevant ODA from a bond posted under such circumstances.

Appellants cite *Stowe v. Matson* (1949) 94 Cal.App.2d 678, which holds that "[w]here the [writ of] attachment is void for lack of jurisdiction or statutory authority, the defendant's undertaking given to release the same is likewise void for lack of consideration." (*Id.* at p. 683.) This authority is inapposite and of no assistance to appellants' arguments. The challenged court

---

[8] Although, as appellants note, *Chavez v. Sarumi*, *supra*, 36 Cal.App.5th Supp. 34 is a decision of the appellate division of the superior court, we find its reasoning persuasive.

order in the instant case did not attach a litigant's property on a basis later determined to be invalid and void; rather, it required forfeiture of bonds the appellants voluntarily posted in what they describe as an effort to create jurisdiction for the trial court to hear a section 98.2 appeal.  The failure of that effort does not deprive the court of jurisdiction to dispose of the bond in accordance with the express instructions of the very statute pursuant to which appellants indicated they were posting it.[9]

Finally, the purpose of the bond requirement is "to provide assurance that a judgment in favor of the employee will be satisfied" and, more broadly, " 'discourage employers from . . . hiding assets in order to avoid enforcement of the judgment.' " (*Palagin, supra,* 222 Cal.App.4th at p. 130.)  Courts have strictly enforced the bond requirement as a jurisdictional prerequisite

---

[9] Although not directly on point, our interpretation is also consistent with case law standing for the proposition that "a court that lacks jurisdiction to determine the merits of an action" (*Barry v. State Bar of California* (2017) 2 Cal.5th 318, 326)—here, jurisdiction to consider a section 98.2 appeal, given appellants have not satisfied the statutory prerequisites for such jurisdiction—"may nevertheless consider 'collateral issues' such as whether the prevailing party should be awarded its litigation expenses or whether sanctions should be imposed for a litigant's abuse of the judicial process." (*Barry*, *supra*, at p. 326; see *ibid.* [court may determine for purposes of an anti-SLAPP motion to strike that it lacks subject matter jurisdiction and also award attorney fees and costs because courts "may award costs as incidental to the jurisdictional determination"]; *Brown v. Desert Christian Center* (2011) 193 Cal.App.4th 733, 738 [judgment of dismissal due to lack of jurisdiction does not deprive a court of the ability to award costs to prevailing party under Code of Civil Procedure section 1032].)

because doing so is consistent with achieving both of these goals. (See *id.* at pp. 130−131.) Appellants' jurisdictional argument, by contrast, would be counterproductive to achieving these goals. Appellants had the opportunity to challenge the ODAs, and their efforts failed. Regardless of why those efforts failed, appellants are now required to pay the judgments resulting from the ODAs. Allowing appellants to avoid paying those judgments from the bond currently under the court's control would at best delay and at worst prevent Chavez collecting under the judgments. By contrast, rejecting appellants' jurisdictional argument and affirming the forfeiture of the bond to Chavez—which is, as discussed above, what the plain language of the statute requires in any event—is consistent with the goal of the jurisdictional bonding requirement:  assuring that where, as here, an employer had been unsuccessful in its challenge to an ODA, the employer pays what it owes.

**DISPOSITION**

The order and judgment are affirmed.  Respondent Manuel Chavez shall recover his costs on appeal.

<u>CERTIFIED FOR PUBLICATION</u>.

ROTHSCHILD, P. J.

We concur:

CHANEY, J.

WEINGART, J.*

---

**\*** Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

14